UNITED STATES DISTRICT COURT
FOR THE DISSTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLENN S. BATES, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOWN OF HARWICH AND )<br>HARWICH POLICE DEPARTMENT, )<br>CHRISTOPHER KENDER, and )<br>BARRY MITCHELL, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO.: 05-10489MEL |

## FIRST AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15, Plaintiff Glenn S. Bates hereby submits the allegations of his first amended complaint as follows:

**I.    Introduction**

Plaintiff Glenn S. Bates seeks compensation against the Defendants for personal injuries suffered due to the deprivation of his civil rights secured by the United States Constitution and Massachusetts law. In sum, after entering Plaintiff's home without warning, Officer Christopher Kender and Officer Barry Mitchell of the Harwich Police Department used excessive force against Plaintiff, including the discharge of Officer Kender's firearm into the person of the Plaintiff. Plaintiff has suffered extensive injuries and emotional distress due to the deprivation of his civil rights.

**II.    Parties**

1.    Plaintiff Glenn S. Bates ("Mr. Bates") is an individual with an address at 45 Newton Avenue, Hyannis, Massachusetts.

2.  Defendant Harwich Police Department is an agent of the municipality known as the Town of Harwich and has an address of 183 Sisson Road, Harwich, Massachusetts.

3.  Defendant Town of Harwich ("Harwich") is a municipality in Massachusetts with an address of 732 Main Street, Harwich, Massachusetts.

4.  Upon information and belief, Defendant Christopher Kender ("Officer Kender") is employed as a police officer by the Town of Harwich, Massachusetts.

5.  Upon information and belief, Defendant Barry Mitchell ("Officer Mitchell") is employed as a police officer by the Town of Harwich, Massachusetts.

### III. Facts

6.  On or about November 30, 2001 at approximately 10:00 a.m., Officer Kender and Officer Mitchell, who were purporting to act in their capacities as officers of the Harwich Police Department, entered Mr. Bates' home located at 621 Main Street, Apartment B in Harwich. The entry into Mr. Bates' home was without warning -- i.e. without knocking, ringing the doorbell, announcing their presence or otherwise identifying themselves.

7.  Shortly after entering Mr. Bates' home on November 30, 2001, Officer Kender discharged his firearm into the person of Mr. Bates.

8.  Officer Kender's use of force against Mr. Bates on that date and time was unprovoked, excessive, unreasonable, and unconstitutional.

9.  On this same date and time, Officer Mitchell used excessive force purportedly to "secure" Mr. Bates. Officer Mitchell's use of force against Mr. Bates on this date was also unprovoked, excessive, unreasonable, and unconstitutional.

IV.     **Causes of Action**

### COUNT I
(Negligence v. All Defendants)

10.   The Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

11.   Defendants owed Mr. Bates a duty of care to, among other things, abide by the Constitution, laws and regulations of the United States of America and the Commonwealth of Massachusetts, to properly train and monitor members of the Harwich Police Department, and to protect Mr. Bates' Constitutional rights.

12.   Defendants breached their duty of care by, among other things, failing to properly train and monitor members of the Harwich Police Department, failing to abide by the Constitution, laws and regulations of the United States of America and Commonwealth of Massachusetts, and failing to protect Mr. Bates' Constitutional rights.

13.   Mr. Bates suffered injuries as a result of Defendants' breaches of duty to him.

14.   Defendants' breaches of duty were the proximate cause of Mr. Bates' injuries and Mr. Bates is entitled to be compensated for same in an amount to be determined at trial.

### COUNT II
(Assault and Battery v. All Defendants)

15.   The Plaintiff repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

16.   Officers Kender and Mitchell, intentionally and without defense, assaulted and battered Mr. Bates by the actions set forth in this Amended Complaint.

17. During their assault and battery of Mr. Bates, Officers Kender and Mitchell purported to act as agents of the Town of Harwich and the Harwich Police Department. Town of Harwich and Harwich Police Department are responsible for the actions and omissions of Officers Kender and Mitchell.

18. Mr. Bates suffered injuries as a result of the assault and battery levied against him.

19. Mr. Bates is entitled to be compensated for all harm caused by the assault and battery levied against him.

## COUNT III
(Violation of Mr. Bates' Civil Rights, 42 U.S.C. § 1983 v. Officers Kender and Mitchell)

20. Mr. Bates repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

21. Mr. Bates was deprived of his constitutional and statutory rights, including but not limited to his rights under the Fourth and Fourteenth Amendments of the United States Constitution, by Officers Kender and Mitchell. Among others, Officers Kender and Mitchell deprived Mr. Bates of his right to be free from unreasonable and excessive use of force and his right to due process of law. In depriving Mr. Bates of his Constitutional rights, Defendants acted intentionally, recklessly and/or or with callous indifference to Mr. Bates' rights.

22. At the time of the incidents described in this Amended Complaint, Officers Kender and Mitchell were acting under color of the statutes, ordinances, regulations, customs, and usages of the Commonwealth of Massachusetts by virtue of their positions as police officers for the Town of Harwich and Harwich Police Department.

23. In their purported capacities as officers in the Police Department of the Town of Harwich, Officers Kender and Mitchell subjected Mr. Bates, a citizen of the United States, to the

deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States of America by, among other things, failing to provide Mr. Bates due process of law, using excessive force against Mr. Bates, and by shooting Mr. Bates, who was defenseless at the time, in the back. The wrongful acts alleged in this Amended Complaint were, upon information and belief, caused by the malicious, wanton, and/or oppressive conduct of Officers Kender and Mitchell.

24. Mr. Bates' injuries and other damages were proximately caused by the actions and omissions described in this Amended Complaint. Among other things, the acts and omissions of Officers Kender and Mitchell played a substantial part in bringing about and/or actually causing Mr. Bates' injuries and damages, and these injuries and damages were the direct result, or a reasonably probable consequence, of the actions and omissions of Officers Kender and Mitchell.

25. Under the circumstances described in this Complaint, Officers Kender and Mitchell are liable to Mr. Bates to the full extent of the law, including all damages allowed under 42 U.S.C., § 1983. Such damages shall include, but may not be limited to, actual and compensatory damages and punitive damages to be determined at trial.

**COUNT IV**
(Violation Civil Rights, 42 U.S.C. § 1983 v. Town of Harwich and Harwich Police Department)

26. Mr. Bates repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

27. Officers Kender and Mitchell purported to act as members of the Harwich Police Department for the Town of Harwich at all times relevant to the acts and omissions described in this Amended Complaint.

28. Town of Harwich and the Harwich Police Department are liable for the acts and omissions of the individual Defendants because the actions of the individual Defendants were taken in accordance with an apparent custom or policy of the Town of Harwich and/or the Harwich Police Department. Upon information and belief, these customs and/or policies were a cause of the deprivation of Mr. Bates' civil rights.

29. Upon information and belief, the practice and/or custom of the individual Defendants was so well settled and widespread that the policymaking officials of the Town of Harwich and the Harwich Police Department either knew or should have known of it but did nothing to end the practice and thereby implicitly authorized, approved of, or acquiesced to the practice.

30. Among other things, and upon information and belief, Town of Harwich and Harwich Police Department failed to train their employees adequately. This failure to train was a deliberate and/or conscious choice by Town of Harwich and Harwich Police Department and thereby became a policy of the Town and Department. Among other things, the need for training of the individual Defendants in order to avoid the conduct that caused the Plaintiff's injuries was obvious and the failure to provide such training was so likely to result in the conduct that caused the injury that the policymakers of the Town and Department were deliberately indifferent to the need for training.

31. Upon information and belief, the conduct alleged against Town of Harwich and Harwich Police Department was caused by malicious, wanton, and/or oppressive conduct.

32. Under the circumstances described in this Amended Complaint, Town of Harwich and Harwich Police Department are liable to Mr. Bates to the full extent of damages allowed

under 42 U.S.C. § 1983, including but not limited to actual, compensatory and punitive damages to be determined at trial.

### COUNT IV
(Violation Massachusetts Civil Rights Act, G.L. c. 12, §§ 11H and 11I v. All Defendants)

33. Mr. Bates repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

34. Among other things, Defendants' use of excessive force in this matter deprived Plaintiff of his rights under the Massachusetts Civil Rights Act (G.L. c. 12, §§ 11H and 11I).

35. Plaintiff's exercise and enjoyment of rights secured by the Constitution and laws of the United States, and of rights secured by the Constitution and laws of the Commonwealth of Massachusetts, were interfered with by Defendants through means of threats, intimidation and coercion.

36. Defendants forced Plaintiff's submission by conduct calculated to frighten, harass, and/or humiliate Plaintiff.

37. Upon information and belief, all Defendants knowingly approved of and permitted the excessive force described in this Complaint and shared the mental state of each Defendant who applied excessive force and all Defendants are liable under the Massachusetts Civil Rights Act.

38. Plaintiff seeks all damages to which he is entitled under G.L. c. 12, § 11I and as further found at trial.

### COUNT V
(Intentional Infliction of Emotional Distress v. All Defendants)

39. Mr. Bates repeats and re-alleges the allegations contained in the preceding paragraphs as if fully set forth herein.

40. Through the conduct alleged in this Amended Complaint, Officers Kender and Mitchell intended to inflict emotional distress upon Mr. Bates or knew or should have known that emotional distress was likely to result of their conduct.

41. The conduct of Officers Kender and Mitchell was extreme and outrageous, was beyond all possible bounds of decency and was utterly intolerable in a civilized community.

42. The conduct of Officers Kender and Mitchell caused Mr. Bates to suffer extreme emotional distress.

43. The emotional distress of Mr. Bates has been severe and of a nature that no reasonable person could be expected to endure. Mr. Bates suffered both physical and emotional harm as a result of the conduct of Officers Kender and Mitchell.

44. Mr. Bates is entitled to be compensated for all harm caused by the emotional distress inflicted upon him by Officers Kender and Mitchell in an amount to be determined at trial.

## V.  Jury Demand

Mr. Bates hereby demands a trial by jury on all counts so triable.

**WHEREFORE**, Mr. Bates requests that this Honorable Court:

1. Enter judgment in favor of Mr. Bates on each count stated herein;

2. Enjoin the unlawful conduct cited herein;

3. Award Mr. Bates all damages, costs, interest and attorney's fees recoverable at law and in equity; and

4. Award such other and further relief as is just and proper.

        Respectfully submitted,

        **GLENN S. BATES**,

        By his attorney,

        Timothy J. Perry (BBO # 631397)
        PRETI FLAHERTY LLP
        10 High Street, Suite 502
        Boston, MA 02109
        (617) 742-9012

Dated: April 27, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon counsel of record via pre-paid First Class, United States Mail.

Dated: April 27, 2005

        Timothy J. Perry