UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10489-MEL

GLENN S. BATES,

        Plaintiff

v.

TOWN OF HARWICH AND HARWICH
POLICE DEPARTMENT, CHRISTOPHER
KENDER, AND BARRY MITCHELL,

        Defendants

ANSWER OF DEFENDANTS
CHRISTOPHER KENDER AND
BARRY MITCHELL

## I. INTRODUCTION

To the extent the allegation set forth in the "Introduction" section of the complaint require a response, the same are denied.

## II. PARTIES

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. Denied.

3. Admitted.

4. Admitted.

5. Admitted.

## III. FACTS

6. Denied.

7. Denied.

8. Denied.

9. Denied.

IV. CAUSES OF ACTION

## COUNT I
(Negligence v. All Defendants)

10. The defendants restate and incorporate by reference their responses to all preceding paragraphs.

11. The allegations set forth in Paragraph 11 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are so vaguely pled as to preclude reasoned response.

12. Denied.

13. Denied.

14. Denied.

## COUNT II
(Assault and Battery v. All Defendants)

15. The defendants restate and incorporate by reference their responses to all preceding paragraphs.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## COUNT III
(Violation of Mr. Bates' Civil Rights, 42 U.S.C. § 1983
v. Officers Kender and Mitchell)

20. The defendants restate and incorporate by reference their responses to all preceding paragraphs.

21. Denied.

22. The allegations set forth in Paragraph 22 comprise contentions as to matters of law not requiring a response by the defendants. To the extent a response is required, said allegations are so vaguely pled as to preclude reasoned response.

23. Denied.

24. Denied.

25. Denied.

COUNT IV
(Violation Civil Rights, 42 U.S.C. § 1983 v. Town of Harwich
and Harwich Police Department)

26-32. The allegations set forth in Count IV do not pertain to these defendants.

COUNT IV [sic]
(Violation Massachusetts Civil Rights Act, G.L.c. 12,
§§ 11H and I v. All Defendants)

33. The defendants restate and incorporate by reference their responses to all preceding paragraphs.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

COUNT V [sic]
(Intentional Infliction of Emotional Distress v. All Defendants)

39. The defendants restate and incorporate by reference theirs responses to all preceding paragraphs.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

## DEFENSES

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Complaint is barred by the applicable statute of limitations.

### THIRD DEFENSE

The defendants deny the intentional creation of a reasonable apprehension of immediate physical harm on the part of the plaintiff.

### FOURTH DEFENSE

The defendants deny the intentional, unjustified, non-privileged use of force upon the person of the plaintiff.

### FIFTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against the defendants.

### SIXTH DEFENSE

The defendants deny all of plaintiff's allegations of wrongful conduct and state that they were at all relevant times public employees acting within the scope of their employment in good faith and in the reasonable belief that their actions were lawful.

### SEVENTH DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which defendants were aware, and they enjoy qualified immunity from all liability therefor.

### EIGHTH DEFENSE

The actions and conduct of the defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

### NINTH DEFENSE

The defendants state that the plaintiff is barred from recovery as he was committing a violation of the General Laws of the Commonwealth of Massachusetts.

### TENTH DEFENSE

If the plaintiff sustained any injury or damage, such injury or damage was caused by the plaintiff's own negligent, reckless and illegal conduct.

### ELEVENTH DEFENSE

The alleged acts or omissions of the defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

### TWELFTH DEFENSE

The defendants utilized only the minimum amount of force reasonably necessary to defend themselves from an imminent threat of death or serious bodily injury by plaintiff, and to effect a lawful detention of the plaintiff.

### THIRTEENTH DEFENSE

The defendants are entitled to immunity from liability on plaintiff's negligence claim pursuant to G.L.c. 258, § 2.

### FOURTEENTH DEFENSE

Plaintiff's claims pursuant to the Massachusetts Civil Rights Act should be dismissed for failure to plead the requisite threats, coercion and intimidation.

### FIFTEENTH DEFENSE

The defendants deny engaging in extreme, outrageous or intolerable conduct.

## SIXTEENTH DEFENSE

The action filed by the plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the defendant to the recovery of all costs, expenses and attorneys' fees associated with the defense of this case.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

    DEFENDANTS CHRISTOPHER KENDER
AND BARRY MITCHELL,

By their attorneys,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO # 494020)
Jackie Cowin (BBO # 655880)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

252706/METG/0629