UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10489-MEL

_____
                                          *
GLENN S. BATES,                    *
    Plaintiff                         *
                                          *
v.                                         *
                                          *
TOWN OF HARWICH and        *
HARWICH POLICE DEPARTMENT, *
CHRISTOPHER KENDER, and     *
BARRY MITCHELL,               *
    Defendants                   *
_____ *

**ANSWER OF THE DEFENDANTS,
TOWN OF HARWICH AND HARWICH POLICE DEPARTMENT TO THE
PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I.    Introduction**

The Defendants, Town of Harwich and Harwich Police Department, deny the allegations contained in the Introduction of the Plaintiff's First Amended Complaint.

**II.   Parties**

    1.    The Defendants admit the allegations contained in paragraph 1 of the Plaintiff's First Amended Complaint.

    2.    The Defendants admit the allegations contained in paragraph 2 of the Plaintiff's First Amended Complaint.

    3.    The Defendants admit the allegations contained in paragraph 3 of the Plaintiff's First Amended Complaint.

    4.    The Defendants admit the allegations contained in paragraph 4 of the Plaintiff's First Amended Complaint.

    5.    The Defendants admit the allegations contained in paragraph 5 of the Plaintiff's First Amended Complaint.

**III.  Facts**

6. The Defendants deny the allegations contained in paragraph 6 of the Plaintiff's First Amended Complaint.

7. The Defendants deny the allegations contained in paragraph 7 of the Plaintiff's First Amended Complaint. Sargent Kender was in the common area of the dwelling where the plaintiff lived.

8. The Defendants deny the allegations contained in paragraph 8 of the Plaintiff's First Amended Complaint.

9. The Defendants deny the allegations contained in paragraph 9 of the Plaintiff's First Amended Complaint.

**IV.  Causes of Action**

**COUNT I**
**(Negligence v. All Defendants)**

10. The Defendants repeat and their answers to the allegations contained in the preceding paragraphs as if full set forth herein.

11. The Defendants admit the allegations contained in paragraph 11 of the Plaintiff's First Amended Complaint.

12. The Defendants deny the allegations contained in paragraph 12 of the Plaintiff's First Amended Complaint.

13. The Defendants deny the allegations contained in paragraph 13 of the Plaintiff's First Amended Complaint.

14. The Defendants deny the allegations contained in paragraph 14 of the Plaintiff's First Amended Complaint.

**COUNT II**
**(Assault and Battery v. All Defendants)**

15. The Defendants repeat and their answers to the allegations contained in the preceding paragraphs as if full set forth herein.

16. The Defendants deny the allegations contained in paragraph 16 of the Plaintiff's First Amended Complaint.

17. The Defendants neither admit nor deny the allegations contained in Paragraph 17 of Plaintiff's First Amended Complaint.

18. The Defendants deny the allegations contained in paragraph 18 of the Plaintiff's First Amended Complaint.

19. The Defendants deny the allegations contained in paragraph 19 of the Plaintiff's First Amended Complaint.

## COUNT III
**(Violation of Mrs. Bates' Civil Rights, 42 U.S.C. § 1983 v. Officers Kender and Mitchell)**

No Answer required by Defendants, Town of Harwich and Harwich Police Department.

## COUNT IV
**(Violation Civil Rights, 42 U.S.C. § 1983 v. Town of Harwich and Harwich Police Department)**

26. The Defendants repeat and their answers to the allegations contained in the preceding paragraphs as if full set forth herein.

27. The Defendants admit the allegations contained in paragraph 27 of the Plaintiff's First Amended Complaint.

28. The Defendants deny the allegations contained in paragraph 28 of the Plaintiff's First Amended Complaint.

29. The Defendants deny the allegations contained in paragraph 29 of the Plaintiff's First Amended Complaint.

30. The Defendants deny the allegations contained in paragraph 30 of the Plaintiff's First Amended Complaint.

31. The Defendants deny the allegations contained in paragraph 31 of the Plaintiff's First Amended Complaint.

32. The Defendants deny the allegations contained in paragraph 32 of the Plaintiff's First Amended Complaint.

## COUNT IV
**(Violation Massachusetts Civil Rights Act., G.L. c. 12, §§ 11H and 11I v. All Defendants)**

33. The Defendants repeat and their answers to the allegations contained in the preceding paragraphs as if full set forth herein.

34. The Defendants deny the allegations contained in paragraph 34 of the Plaintiff's First Amended Complaint.

35. The Defendants deny the allegations contained in paragraph 35 of the Plaintiff's First Amended Complaint.

36. The Defendants deny the allegations contained in paragraph 36 of the Plaintiff's First Amended Complaint.

37. The Defendants deny the allegations contained in paragraph 37 of the Plaintiff's First Amended Complaint.

38. No answer required.

## COUNT V
**(Intentional Infliction of Emotional Distress v. All Defendants)**

39. The Defendants repeat and their answers to the allegations contained in the preceding paragraphs as if full set forth herein.

40. The Defendants deny the allegations contained in paragraph 40 of the Plaintiff's First Amended Complaint.

41. The Defendants deny the allegations contained in paragraph 41 of the Plaintiff's First Amended Complaint.

42. The Defendants deny the allegations contained in paragraph 42 of the Plaintiff's First Amended Complaint.

43. The Defendants deny the allegations contained in paragraph 43 of the Plaintiff's First Amended Complaint.

44. The Defendants deny the allegations contained in paragraph 44 of the Plaintiff's First Amended Complaint.

**V.   Jury Demand**

No Answer required.

WHEREFORE, the Defendants, Town of Harwich and Harwich Police Department, respectfully request that this Honorable Court dismiss the Plaintiff's First Amended Complaint and find judgement in their favor together with attorneys' fees, costs and such other relief as this Court deems just and proper.

## **DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.**

## **AFFIRMATIVE DEFENSES**

1. The Defendants say that the Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted and, therefore, moves for dismissal of this action pursuant to Mass. R. Civ. P. 12(b)(6).

2. The Defendants state that the process of Plaintiff was insufficient and, therefore, Defendants move for dismissal under Mass. R. Civ. P. 12(b)(4).

3. The Defendants state that the service of process of Plaintiff was insufficient and, therefore, Defendants move for dismissal under Mass. R. Civ. P. 12(b)(5).

4. The Defendants state that the Plaintiff did not bring his complaint within the time limit provided by the Statute of Limitations and, therefore, Plaintiff's claim is barred by the terms of that Statute.

5. The Defendants are guilty of no negligence.

6. The Defendants state that the negligence of Plaintiff exceeds the negligence of Defendants and states that under the provisions of M.G.L. c. 231 § 85, Plaintiff cannot recover.

7. The Defendants state that if the negligence of Defendants was greater than the negligence of Plaintiff, then the damages assessable against the Defendants should be reduced by the percentage of negligence attributable to the Plaintiff, under the provisions of M.G.L. c. 231, § 85.

8. The Defendants state that the injuries and damages alleged were caused in whole or in part by Plaintiff's own negligence.

9. The Defendants state that the injuries to Plaintiff were caused by a third party over which Defendants had no legal control and for whose conduct Defendants were not legally responsible, and therefore, Defendants cannot be held liable for the damages claimed by the Plaintiff.

10. By way of affirmative defense, the Defendants state that M.G.L. c. 258 § 10(a) bars claims against public employees based upon their performance or failure to perform when exercising due care in the execution of any statute, regulation of a public employer, or municipal ordinance or bylaw.

11. By way of affirmative defense, the Defendants state that M.G.L. c. 258 § 10 (b) bars claims against public employees based upon their performance or failure to perform a discretionary function within the scope of their employment.

12. By way of affirmative defenses, the Defendants state that M.G.L. c. 258 § 10(j) bars claims against public employees. The action of the Defendants did not originally cause the condition that led to the incident involving the Plaintiff.

13. The Defendants deny each and every allegation of the Plaintiff's First Amended Complaint except as specifically admitted above.

14. The Defendants state that at the time of the alleged incident, Plaintiff was guilty of a violation of law which contributed to the alleged injuries.

15. The Defendants state that the Plaintiff has failed to join a necessary party under Rule 19 of the Massachusetts Rules of Civil Procedure.

16. The claims arising out of the subject matter of the occurrence alleged are barred as the defendants were carrying out law enforcement functions in good faith.

17. Defendants deny all of plaintiff's allegations of wrongful conduct and state that at all relevant times, public employees were acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

18. The actions and conduct of the Defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances and it enjoys qualified immunity from suit and liability.

19. The alleged acts or omissions of the Defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

20. The Defendants are immune from liability pursuant to M.G.L. c. 258 § 2.

21. The Defendants deny that their actions were extreme, outrageous or intolerable in a civilized society.

22. The arrest of the Plaintiff by the Defendants was supported by the requisite reasonable suspicion and/or probable cause.

23. The Defendants deny placing the Plaintiff in reasonable fear of imminent harm.

24. The action filed by the Plaintiff is frivolous, wholly unsubstantiated and not advanced in good faith, entitling the Defendants to recover all costs, expenses and attorneys' fees associated with the defense in this case.

25. The Plaintiff is barred from recovery because the Plaintiff failed to present his claims as required under the Massachusetts Tort Claims Act, M.G.L. c. 258, § 4.

26. The Plaintiff failed to notify an Executive Officer pursuant to M.G.L. c. 258, § 4 within two years that a claim was pending and such is barred from recovery because of non-compliance with the Statute.

27. The Town of Harwich is entitled to qualified immunity.

28. The Plaintiff has failed to state a cause of action under 42 USC § 1983 because the Plaintiff has suffered no deprivation of due process in law that affords the Plaintiff an adequate remedy.

29. The Plaintiff is precluded from any recovery against the Defendants pursuant to the provisions of M.G.L. c. 175D, § 9.

30. The Plaintiff is obligated, pursuant to M.G.L. c. 175D, § 9 to exhaust all available insurance prior to proceeding against the Defendants.

31. The Plaintiff is barred from recovery because the Defendants, Town of Harwich and the Harwich Police Department, are entitled to governmental immunity pursuant to M.G.L. Chapter 258, § 10(h).

32. The Defendants state that M.G.L. c. 175D, which governs insolvent insurers, allows the Defendants by and through the Massachusetts Insurers Insolvency Fund to have all setoffs from other available insurance exhausted prior to the Plaintiff receiving any compensation if he is entitled from the Insolvency Fund.

33. The Harwich Police Department is not a sueable entity and is not a proper party defendant in a Civil Right Action pursuant to 42 USC § 1983.

34. The Harwich Police Department is not a person pursuant to USC §1983 and lacks independent legal existence that bars any claim against the Harwich Police Department.

35. The Defendants deny that any agent, servant, or employee assaulted and battered the Plaintiff, Glenn S. Bates.

36. The Defendants state that the Plaintiff failed to attach any document in his complaint indicating notice to the Town of Harwich within the two-year time period pursuant to M.G.L. c. 258, § 4.

37. The Defendants state that M.G.L. c. 258, §10(c) bars claims arising out of intentional torts including assault and battery. Therefore, the Plaintiff cannot recovery against the Defendants.

38. The Defendants, Town of Harwich and Harwich Police Department, was insured through Legion Insurance Company, which was declared insolvent by the Pennsylvania Supreme Judicial Court on July 25, 2003 effective July 28, 2003.

39. Pursuant to 42 USC § 1983, the Doctrine of Respondeat Superior is not a basis for holding the Defendants liable for the constitutional torts of the Police Officers.

**THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES RAISED AND DEFENSES ASSERTED HEREIN.**

                DEFENDANTS,
                TOWN OF HARWICH AND
                HARWICH POLICE DEPARTMENT
                By their Attorneys,

                WYNN & WYNN, P.C.

                /s/_____
                Charles D. Mulcahy
                90 New State Highway
                Raynham, MA   02767
                (508) 823-4567
                BBO #359360

February 10, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 10, 2006.

                /s/_____
                Charles D. Mulcahy