UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-10489-MEL

_____
                                    *
GLENN S. BATES,                     *
    Plaintiff                       *
                                    *
v.                                  *
                                    *
TOWN OF HARWICH, HARWICH POLICE     *
DEPARTMENT, CHRISTOPHER KENDER,     *
and BARRY MITCHELL                  *
    Defendants                      *
_____ *

**DEFENDANTS', TOWN OF HARWICH AND HARWICH
POLICE DEPARTMENT, MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

**I.   INTRODUCTION**

This action arises from an incident involving plaintiff, Glenn Bates (hereinafter "Bates") and Harwich police officers Chirstopher Kender (hereinafter "Kender") and Barry Mitchell (hereinafter "Mitchell"). The incident occurred when Bates attacked Officer Kender and Officer Mitchell with a hockey stick, knocking Officer Mitchell to the floor and striking Officer Kender in the head. Bates' attack was unprovoked and resulted in the Officer Kender shooting him.

Plaintiff alleges that the officers used excessive force resulting in personal injuries and the deprivation of his civil rights secured by the United States and Massachusetts Constitutions. The theories of liability against the Defendants, Town of Harwich and Harwich Police Department (hereinafter "Defendants"), include municipal liability, supervisory liability, and negligence. Plaintiff claims Defendants failed to train their employees adequately and authorized customs or policies that allegedly caused the deprivation of Plaintiff's civil rights. (See Plaintiff's Amended Complaint.)

**II.    STATEMENT OF FACTS**

The relevant facts underlying this case are set forth in Defendants Kender and Mitchell's Local Rule 56.1 Statement of Material Facts attached with their Memorandum in Support of Law in Support of Motion for Summary Judgment, and Defendants, Town of Harwich and Harwich Police Department's Local Rule 56.1 Statement of Material Facts, attached hereto.

**III.    SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgement should be entered where the non-moving party has the burden of proof and, based on the record before the Court, "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1987). The moving party may prevail on summary judgment either by submitting affirmative evidence negating an element of the nonmovant's claim, or demonstrating that the nonmovant has no reasonable expectation of proving an element of the claim due to insufficient evidence. *Fireman's Fund Ins. Co. v. Harley Realty Co.*, 24 F.Supp.2d 117, 118 (D.Mass 1998).

**IV.    ARGUMENT**

    **A.    Plaintiff Fails to Establish Municipal Liability**

Plaintiff seeks to impose liability on the Defendants for the alleged excessive force of individual officers. *Amended Complaint*, *Counts I, II, IV, &V*. However, a municipality cannot be held liable under §1983 on a *respondeat superior* theory. *Monell v. Department of Social*

*Services*, 436 U.S. 658, 691 (1978).  The language of §1983 imposes liability on a governing body when some official policy "causes" an employee to violate another's constitutional right. Yet, that language cannot be read to impose vicarious liability on a governing body based solely on the existence of an employer-employee relationship with a tortfeasor.  *Monell*, 436 U.S. at 692.  More specifically, when execution of a government policy or custom inflicts an injury the government, as an entity, is responsible under § 1983.  *Monell*, 436 U.S. at 694.

To prevail on his claim of municipal liability, under 42 U.S.C. §1983, plaintiff must also establish that the existing custom or policy was of deliberate indifference to commission constitutional violations by police officers. *Foley v. City of Lowell*, 948 F.2d 10, 14 (1991). "[D]eliberate indifference is a stringent standard of fault, requiring proof that a [State] actor disregarded a known or obvious consequence of his action." *County Commissioners of Bryan County v. Brown*, 520 U.S. 397, 410 (1997).  To demonstrate deliberate indifference, plaintiff must show "(1) an unusually serious risk of harm, (2) defendant's actual knowledge of (or, at least, willful blindness to) that elevated risk, and (3) defendant's failure to take obvious steps to address that known, serious risk. "*Manarite v. City of Springfield*, 957 F.2d 953, 956 (1st Cir. 1992).

First, the Harwich Police Department's Use-of-Force Policy did not cause Plaintiff's injuries; rather, Plaintiff caused his own injuries.  Had Plaintiff not assailed on Officer Kender and Officer Mitchell with a hockey stick, the officers would have successfully served the Warrant of Apprehension on plaintiff without having to defend themselves with force.  Further, as a result of the November 30, 2001 incident, plaintiff was indicted and subsequently convicted of two counts of assault and battery with a dangerous weapon and two counts of assault and battery with

intent to kill. *Exhibit G and Exhibit L of Defendants Kender and Mitchell's Statement of Facts.* Plaintiff's attempt to hold Defendant Town of Harwich for 42 U.S.C. §1983 claims by asserting liability under the respondeat superior doctrine is prohibited by law because Plaintiff's injuries were cause by him and not any of Defendant Town of Harwich's applicable policies.

    Secondly, should the Court find Defendants' Use-of-Force Policy to be the cause of plaintiff's injuries, plaintiff cannot establish that the policy was of deliberate indifference to commission constitutional violations by police officers. Defendants' Use-of-Force Policy contains a section regarding the continuum of force to be used by officers. According to the Policy, an officer should exhaust every reasonable means of employing the minimum amount of force before escalating to a more severe application of force, except where the officer reasonably believes that lesser means would not be adequate in a particular situation and the use of force is necessary to accomplish his lawful objective or to protect himself or another from serious physical injury or death. *Policy & Procedure No. 400, Exhibit E to Defendants Kender and Mitchell's Statement of Facts.*

    Here, Defendants' Use-of-Force policy is anything but deliberate indifference. The policy instructs an officer to use the least amount of force necessary to contain a situation. However, the Policy allows for the reasonableness of an officer to determine what degree of force is needed to protect himself or another from serious physical injury or death. Once the attack on Officer Kender and Officer Mitchell began, Officer Kender drew his pistol and yelled at plaintiff to stop. When his verbal warning did not impede plaintiff's violent attack, Officer Kender began to retreat from the area. At this time, Officer Mitchell had been struck and thrown to the ground and Officer Kender had already received a significant blow to the head. Fearing that if hit again

4

he would lose consciousness and plaintiff would have an opportunity to take his gun and kill him and Officer Mitchell, Officer Kender shot Bates to end the altercation. *Exhibit A and Exhibit B of Officers Kender and Mitchell's Statement of Facts.* In addition, The Barnstable County District Attorney's Office conducted an inquest into the November 30, 2001 incident and concluded that neither Officer Kender nor Mitchell committed any wrongdoing. *Exhibit N of Officers Kender and Mitchell's Statement of the Facts.*

The Defendants' reasonableness standard concerning the use of extra force by an officer is not deliberate indifference; instead, the standard falls in line with the United States Supreme Court and federal case law. Not only is an officer's use of deadly force judged under the Fourth Amendment's objective reasonableness standard, but the First Circuit has afforded police officers who make on-the-spot choices in dangerous situation a fairly wide zone of protection in close cases. <u>Brosseau v. Haugen</u>, 543 U.S. 194, 197 (2004); <u>Roy v. Inhabitants of City of Lewiston</u>, 42 F. 3d 691, 695; see also <u>Graham v. Connor</u>, 490 U.S. 386, 396-397 (1989). In fact, courts in the First Circuit do not second-guess officer, even if in retrospect, a situation could have been handled differently. <u>Natal v. City of New Bedford</u>, 37 Supp. 2d 74, 77 (D. Mass. 1999, Young, J.).

Plaintiff argues that Defendant Town of Harwich failed to train its employees adequately and because this failure to train was a deliberate and/or conscious choice the real policy at issue is Defendant Town of Harwich's policy for failing to train employees adequately. There is no evidence to show that the Defendant Town of Harwich's adopted the policy or practice of inadequately training its employees. To the contrary, the Use-of-Force Policy establishes that the Defendants rigorously train all officers in regards to use of firearms and force. Annually the

Harwich Police Department firearms instructor reviews its Use-of-Force Policy with its officers before the officers can re-qualify. Had Defendants adopted a policy to inadequately train its employees it is highly unlikely that it would annually review the Use-of Force Policy and have its employees re-qualify.

Because the Town did not adopt a failure to train policy the only issue which should be at issue here is the Use-of-Force Policy. Therefore, because applicable case law applies a reasonable standard when reviewing cases involving deadly force by a police officer, the Use-of-Force Policy's reasonableness element cannot be deemed as deliberately indifferent to the constitutional rights of those who may have the policy enforced against them by one of Defendants' officers. For the reasons stated above, Defendants' Use-of-Force Policy is constitutional and municipal liability should be prohibited.

### B. Plaintiff Fails to Establish Supervisory Liability

Supervisory liability may not be predicated upon a theory of respondeat superior. In fact a supervisor may be found liable only on the basis of his own acts or omissions. _Febus-Rodriguez v. Betancourt-Lebrón_, 14 F.3d 87, 91 (1at Cir. 1994). When seeking to establish supervisory liability regarding the use of a policy, plaintiff must establish that the supervisor formulated a policy or engaged in a practice that led to a civil rights violation committed by his officers. _Camilo-Robles v. Hoyos_, 151 F.3d 1, 7 (1st Cir. 1998). As with municipal liability, to prevail on a claim of supervisory liability, a plaintiff must establish cause and deliberate indifference to the commission of constitutional violations by the Town's officers. _Foley_, 948 F.2d at 14. In essence, the plaintiff must show that the practices of which he complains amounted to condonation or tacit authorizations of individual defendants' alleged wrongful

6

conduct. *Rogan v. Menino*, 175 F.3d 75, 78 (1st Cir. 1999); see also *Wilson v. Town of Mendon*, 294 F.3d 1,6 (1st Cir. 2002) (supervisor may be liable for behavior of subordinates where his action or inaction "could be characterized as supervisory encouragement, condonation or acquiescence" of wrongful behavior).

Plaintiff claims that Defendant Harwich Police Department deliberately and/or consciously failed to train their employees adequately. However, in accordance to Section X(L) of the Use-of-Force Policy, at least annually, all officers shall qualify with their issued service weapon(s) and any other weapon they are authorized to carry while on duty. These qualifications shall be under the direction of the Department's Firearms Instructor and each officer is required to qualify in accordance with the Massachusetts Criminal Justice Training Council standards. Finally, no member of the Department will be authorized to carry a firearm until he has been issued a copy of the Department's Use of Force policy, received instruction and successfully passed a written examination. Should officers fail to qualify they shall be denied permission to carry a service weapon and will be allowed additional instruction and given a reasonable amount of time to re-qualify while assigned to administrative duty. Officer Kender testified that the Department actually carries out this provision on an annual basis. *Exhibit A, page 104*.

In the present case, plaintiff does not identify any "specific deficiency" in these training procedures that might have caused the alleged injuries. *City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *see also* *Santiago v. Fenton*, 891 F.2d 373, 382 (1st Cir. 1989) (failure-to-train claim failed where plaintiff did not specify how training in constitutional issues for city's police officers was inadequate). Moreover, plaintiff cannot show that the above-mentioned training procedures evidence "deliberate indifference" by the Harwich Police Department to the rights of

the person with whom the police come into contract. *City of Canton*, 489 U.S. at 391. Previously, the Court rejected a failure-to-train claim where the defendant police officer received only four hours of constitutional law training at police academy; did not officially receive notice of changes in the law; was not aware of any incentive for pursuing further training, and had never received a policy manual. Santiago v. Fenton, 891 F.2d 373, 380-382 (1st Cir. 1989). Here, the training provided by the Defendants is far superior to the Court approved training in Santiago. In fact, the above-mentioned training is just a sample of the training received by Harwich Police officers and does not include every facet of Harwich's training procedures. Therefore, plaintiff cannot prove that his alleged injuries were a result of a failure to train the Town's police officer and his claim for supervisory liability must fail.

    **C.**    **Plaintiff Fails to Establish Negligence because Plaintiff Fails to Substantively Establish a Claim for Negligent Training and Supervision.**

Plaintiff's claims for negligent training and supervision should also be dismissed on substantive grounds. Plaintiff's claim of negligent training should be dismissed because, as explained above, plaintiff proffers no evidence that the training of the Town's police officers was deficient, while the Defendants have provided affirmative evidence that the training of its officers exceeds state-law requirements. "[C]ompliance with a statute or regulation [is] prima facie evidence of due care." Parker v. Town of Swansea, 270 F.Supp,2d 173, 179 (D. Mass. 2003, Dein, M.J.); see also Rochleau v. Town of Millbury, 115 F.Supp.2d 173, 179 (D.Mass. 200, Gorton, J.). Because plaintiff provides no evidence rebutting the Defendants' evidence that their officers' training exceeded statutory mandates, plaintiff cannot establish that the Defendants breached its duty to train its police officers, and this claim should therefore be prohibited. See

*Parker*, 270 F.Supp.2d at 102 ("in the absence of any evidence offered by [plaintiffs] fail to show a breach of any duty of the Town"); *Rochleau*, 115 F.Supp.2d at 179 (dismissing claim that Town failed to train its officers in providing medical care to detainees, where plaintiffs produced no evidence that such training was not provided, and Town presented evidence that it complied with state requirements relating to the training of officers in medical care).

Similarly, to establish a claim of negligent training supervision a plaintiff is required to prove that the Defendants (1) knew or should have known that the officers had a proclivity to commit misconduct; and (2) failed to take corrective action. *Copithorne v. Framingham Union Hospital*, 401 Mass. 860, 865 (1988). Again, plaintiff's negligent supervision claim fails because, as explained before, use-of-force in dangerous situations is held to an objectively reasonable standard. Therefore, Officer Kender did not commit misconduct when he shot Bates because Officer Kender's force was reasonable considering that he was under attack by Bates, he feared for his life and Officer Mitchell's life, and Bates had not yielded to prior verbal warnings. Thus, plaintiff cannot establish a negligent supervision claim.

## V.     CONCLUSION

WHEREFORE, the Town of Harwich and Harwich Police Department requests that this Court enter summary judgment in their favor and dismiss all counts against them.

Respectfully submitted,

/s/ Charles D. Mulcahy
Charles D. Mulcahy
Wynn & Wynn, P.C.
90 New State Highway
Raynham, MA   02767
(508) 823-4567
BBO #359360

Dated:   December 8, 2006