UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
GLENN S. BATES,               )
     Plaintiff,               )
                              )
          v.                  )     05-CV-10489-MEL
                              )
TOWN OF HARWICH, HARWICH      )
POLICE DEPARTMENT,            )
CHRISTOPHER KENDER, and BARRY )
MITCHELL,                     )
     Defendants.              )
_____)
```

MEMORANDUM AND ORDER

LASKER, D.J.

In separate motions, Defendants Christopher Kender, Barry Mitchell, the town of Harwich, and the Harwich Police Department ("HPD") move for summary judgment. For the reasons set forth below, Kender and Mitchell's motion for summary judgment is DENIED and Harwich and HPD's motion is GRANTED.

This action arises from a confrontation that took place between Glenn Bates and HPD officers Kender and Mitchell on November 20, 2001. Kender and Mitchell went to Bates's apartment to serve him with a Warrant of Apprehension obtained by Bates's mother. The events that took place once the officers arrived are in dispute.

Bates claims that the officers attempted to enter his




apartment with guns drawn without first identifying themselves. Bates asserts that upon seeing the barrel of a gun, he hit it twice, hitting the officers' hand in the process. Bates contends he then slammed the door shut, knocking one of the officers to the ground. Bates claims that the officers then forced the door open and shot him in the back after he had already turned his back in retreat and no longer posed any danger to the officers. Bates suffered severe injury from the gunshot.

According to Defendants, when the officers arrived at Bates's door and announced their presence, Bates swung a hockey stick at them. They claim that as Kender and Mitchell began to retreat down the narrow staircase leading to Bates's apartment, Bates swung the stick again, this time hitting Mitchell on the back. Defendants allege that Bates's third swing struck Kender in the head, causing permanent damage to his right eye. Officers Kender and Mitchell argue that they yelled at Bates to stop, but when he continued to advance toward them, Kender fired his weapon, hitting Bates.

After a criminal trial, Bates was found guilty of two counts of assault and battery with a dangerous weapon.

In 2005, Bates initiated this action alleging, civil rights violations, assault and battery, and intentional infliction of emotional distress against Kender and Mitchell. Bates also asserts municipal liability, supervisory liability,

and negligence claims against Harwich and the HPD.

Officers Kender and Mitchell move for summary judgment on the grounds that (1) Bates's excessive force claim is barred by the "Heck" doctrine, (2) they are entitled to qualified immunity, and (3) the intentional infliction of emotional distress claim is unsupportable. Heck v. Humphrey, 512 U.S. 477, 487 (1994), bars Section 1983 claims in which a judgment for the plaintiff would necessarily imply the invalidity of his prior conviction or sentence. The First Circuit has held that even after being convicted of assault on a police officer, a plaintiff's claim of excessive force under Section 1983 is not necessarily barred by Heck. See Thore v. Howe, 466 F.3d 173, 180 (1st Cir. 2006). However, an excessive force claim brought by a plaintiff after an assault conviction may be barred by Heck if the claim and conviction are so factually interrelated that a favorable ruling in the Section 1983 action would suggest the invalidity of the conviction. Id.

Kender and Mitchell maintain that Bates's assault of the officers is so intertwined with the shooting that a decision in favor of Bates on his excessive force claim would call his assault and battery conviction into question. They assert that mere seconds elapsed between Bates's last swing of the stick and Kender's decision to shoot. Kender and Mitchell contend that since Bates was convicted of putting them in fear of an imminent

battery, a finding that Kender used excessive force in discharging his weapon moments later would necessarily invalidate Bates's assault and battery conviction.

Bates responds that succeeding on his excessive force claim would not undermine the his conviction because he was not fired upon until he no longer posed a threat to the officers and had his back turned. Bates contends that there was a break between his provocative act and Kender's response to it, which prevents Bates's conviction from being sufficiently related to the excessive force claim to fall within Heck's purview.

The parties' continued dispute concerning the sequence of events leading up to Bates's injuries, renders it inappropriate to rule on the Heck question at this time. Until the factual dispute is resolved, it is impossible to evaluate the connection between Bates's excessive force claim and his assault and battery conviction.

The factual dispute surrounding the circumstances of the officers encounter with Bates and the timing of their decision to shoot, also precludes determination of the question of qualified immunity at this stage of the case. The officers would be entitled to qualified immunity if their version of events is substantiated. However, Bates would prevail on the officers's qualified immunity claim if his version of events is agreed to by the fact finder and it is established that Bates was

shot in the back when he no longer posed a threat to the officers. As the First Circuit has acknowledged, while the issue of qualified immunity should be resolved in advance of trial whenever possible, "pre-trial resolution [of immunity questions] sometimes will be impossible because of a dispute as to material facts." Kelley v. LaForce, 288 F.3d 1, 7 (1st Cir. 2002); see Swain v. Spinney, 117 F.3d, 1, 9-10 (1st Cir. 1997). In such a case, as here, "factual issues must be decided by the trier of fact, thereby precluding summary judgment." Id. Kender and Mitchell's motion for summary judgment is denied.

The town of Harwich and the HPD move for summary judgment on the grounds that Bates cannot establish municipal or supervisory liability. A municipality cannot be held liable under Section 1983 based on a respondeat superior theory. Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978). To establish municipal liability under Section 1983, a plaintiff must demonstrate a municipal custom or policy of deliberate indifference to the commission of constitutional violations. See Foley v. City of Lowell, 948 F.2d 10, 14 (1st Cir. 1991). Supervisory liability requires a similar showing of deliberate indifference. See Manarite v. City of Springfield, 957 F.2d 953, 957 (1st Cir. 1992).

Bates has presented no evidence to support a finding of deliberate indifference. Without proof of deliberate

5

indifference, Bates's allegation that Harwich and the HPD failed to train police officers on how to deal with mentally ill suspects alone is insufficient to survive summary judgment. Cf. Santiago v. Fenton, 891 F.2d 373, 382 (1st Cir. 1989). Accordingly, Harwich and the HPD's motion for summary judgment is granted.

For the foregoing reasons, Kender and Mitchell's motion for summary judgment is DENIED, while Harwich and the HPD's motion is GRANTED.

It is so ordered.

Dated:    June 20, 2007
          Boston, Massachusetts          /s/ Morris E. Lasker
                                              U.S.D.J.