UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10489-NMG

| | |
|---|---|
| GLENN S. BATES,<br><br>   Plaintiff<br>v.<br><br>TOWN OF HARWICH AND HARWICH POLICE DEPARTMENT, CHRISTOPHER KENDER, AND BARRY MITCHELL,<br><br>   Defendants | DEFENDANTS CHRISTOPHER KENDER AND BARRY MITCHELL'S MOTION TO COMPEL INTERROGATORY RESPONSES |

Now come the defendants, Christopher Kender and Barry Mitchell ("Defendants"), and hereby move, pursuant to Fed.R.Civ.P. 37(a)(2)(B) and Local Rule 37.1, that this Honorable Court issue an order compelling Plaintiff to provide complete responses to Defendants' Interrogatory Requests Nos. 4, 11, 12 & 16.  In the alternative, the Defendants request that Plaintiff be precluded at trial from introducing or relying upon information he has failed to provide.

As grounds therefor, the Defendants rely on the following Memorandum of Reasons

MEMORANDUM OF REASONS

On July 5, 2005, counsel for defendants Kender and Mitchell served upon Plaintiff said Defendants' First Set of Interrogatories.  On August 7, 2007 Plaintiff provided a response to Defendants' First Set of Interrogatories.  Exhibit A.  Plaintiff's Responses to Interrogatory Requests Nos. 4, 11, 12 & 16 were inadequate and incomplete in contravention of Fed. R. Civ. P 26 and 33.

In Interrogatory No. 4 Plaintiff is asked to;

> Please state any injury or illness, whether emotional, mental or physical from which you suffered in the five (5) year period prior to the occurrence set forth in the complaint.

Plaintiff answers:

> Pursuant to Fed. R. Civ. P.3 3(d), Plaintiff states that the answer to this interrogatory may be derived or ascertained from examination of Plaintiff's medical records.

In response to Interrogatory Answer No. 4, counsel for the Defendants examined all the records produced by Plaintiff. The only medical records produced were records relative to the occurrence at issue here. No medical records were produced for any of the five years prior to the occurrence at issue. To the extent that the information sought is not contained in any documents, plaintiff must still respond to the interrogatory in specific fashion. Here, unless the Plaintiff had no injury or illness for a period of 5 years before the occurrence at issue, Answer No. 4 is incomplete. Therefore, Defendants request that Plaintiff be compelled to provide a more responsive answer to this Interrogatory, or in the alternative, that he be foreclosed from introducing or contesting any evidence concerning any emotional, mental or physical injury or illness suffered during a five year period prior to the occurrence at issue.

Plaintiff also failed to respond to Interrogatory Nos. 11 and 12. In Interrogatory No. 11, Plaintiff is asked to:

> Please give an account, itemized as fully and completely as possible, of all losses which you or your legal representatives are claiming you incurred as a result of the occurrences set forth in the Complaint, including but not limited to those losses which are attributable to hospital, medical or mental health care and treatment, loss of earnings and loss of earning capacity.

In Interrogatory No. 12, Plaintiff is asked to:

> Please set forth in full and complete detail the nature and extent of all injuries, physical, emotional or mental in nature, allegedly suffered by you as the result of the occurrences set forth in the Complaint, including in your response:
>
> a. the name and address of each hospital, medical professional and mental health professional which rendered treatment to you, providing a complete description of the treatment you received, and the inclusive dates thereof;
> b. the dates between which you were absent from your employment and/or school as a result of the occurrences set forth in the Complaint.

Plaintiff answers both Interrogatory No. 11 and 12 by stating:

> Pursuant to Federal Rules of Civil Procedure 33(d), Plaintiff directs the Defendant to examine documents made available for inspection to Defendant pursuant to their request for production of documents. The answer to this interrogatory may be derived or ascertained therein.

In order to respond to interrogatories by producing business records, the burden of deriving or ascertaining the answer must be substantially equal for the requesting party and the producing party. Fed. R. Civ. P.3 3(d). An account of the losses being claimed or the extent of mental and emotional injuries being claimed is information that is only available to Plaintiff. No records, by themselves, can answer these interrogatories. Even assuming the records produced contain evidence of some damages or injuries, it is not possible for Defendants to know whether and to what extent plaintiff is claiming those damages. The Plaintiff must provide sufficient detail so that the Defendants know what Plaintiff is claiming and can identify which individual documents contain the information concerning those claims. Puerto Rico Aqueduct and Sewer Authority v. Clow Corp., 108 F.R.D. 304, 307 (D.P.R.,1985). Plaintiff is required to identify

what damages or injuries he is claiming and only then, if necessary, may he reference specific documents to detail and itemize that damage. Therefore, Defendants request that Plaintiff be compelled to provide a responsive answer to this Interrogatory, or in the alternative, that he be foreclosed from introducing any evidence concerning any losses which Plaintiff is claiming were incurred as a result of the occurrences set forth in the Complaint.

Finally, Plaintiff has failed to respond to Interrogatory No. 16. This Interrogatory asks:

> Please indicate whether you have ever been convicted of, or pled guilty to a crime. If your answer is in the affirmative, please provide the pertinent court and docket number, the charge upon which you were convicted or pled guilty, and the date of the conviction or plea.

Again, Plaintiff answers only by referring Defendants to documents made available for inspection none of which contained information responsive to Interrogatory No. 16. The information requested is admissible for impeachment under Federal Rule of Evidence No. 609. To the extent that the information sought is not contained in any documents, plaintiff must still respond to the interrogatory with specificity. Here, unless the Plaintiff has had no criminal convictions, Answer No. 16 is incomplete. Therefore, Defendants request that Plaintiff be compelled to provide a responsive answer to these Interrogatories or in the alternative that he be foreclosed from introducing or contesting any evidence concerning criminal convictions or guilty pleas.

WHEREFORE, defendants Kender and Mitchell respectfully request that the Court allow the within motion.

DEFENDANTS,

CHRISTOPHER KENDER
AND BARRY MITCHELL,

By their attorneys,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO #494020)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA 02110
(617) 556-0007

CERTIFICATE OF SERVICE

I, Joseph L. Tehan, Jr., certify that the above document will be served upon any party or counsel of record who is not a registered participant of the Court's ECF system, upon notification by the Court of those individuals who will not be served electronically. /s/ Joseph L. Tehan, Jr.

337902/METG/0629

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GLENN S. BATES,<br><br>         Plaintiff,<br><br>v.<br><br>TOWN OF HARWICH and<br>HARWICH POLICE DEPARTMENT,<br>CHRISTOPHER KENDER and<br>BARRY MITCHELL,<br><br>         Defendants. | C.A. NO. 05-10489-MEL |

**PLAINTIFF'S ANSWER TO INTERROGATORIES
PROPOUNDED BY THE DEFENDANTS,
<u>BARRY MITCHELL AND CHRISTOPHER</u>**

Pursuant to Mass. R. Civ. P. 26 and 33, Plaintiff Glenn S. Bates ("Plaintiff") hereby Answers the First Set of Interrogatories propounded by Defendants Christopher Kender and Barry Mitchell ("Defendants") as follows:

<u>**OBJECTIONS**</u>

1. Plaintiff objects to each of these Interrogatories to the extent that they seek information that is protected from discovery by the work product doctrine, the attorney-client privilege, and/or any other privilege cognizable at law.

2. Plaintiff objects to each of the Interrogatories to the extent that they seek information that is not relevant to the subject matter of this lawsuit.

3. Plaintiff objects to each of the Interrogatories to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to each of the Interrogatories to the extent that they are overbroad, vague, ambiguous, unduly burdensome, and/or oppressive.

5. Plaintiff objects to each of the Interrogatories to the extent that they seek information that is not within her possession, custody, or control.

6. Plaintiff objects to each of the Interrogatories to the extent that they seek to disclose proprietary and/or confidential business information, the disclosure of which shall injure Plaintiff's competitive business position.

7. Plaintiff reserves the right to supplement these Interrogatory answers as discovery is ongoing.

## ANSWERS

**INTERROGATORY NO. 1:**

Please state your full name, date of birth, residential and business addresses, social security number, marital status, and the name(s) and date(s) of birth of your child(ren), if any.

**ANSWER:**

Glenn Scott Bates; Date of Birth – 3/4/61; SS# 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; Single; No Children.

**INTERROGATORY NO. 2:**

Please provide a complete and detailed recitation of your educational history, commencing with high school, indicating all degrees or certificates conferred, and dates of same.

**ANSWER:**

Harwich Junior High school; Harwich High school 1977 (approx.); Santa Monica High 1978; GED 1978.

2

**INTERROGATORY NO. 3:**

Please provide a complete and detailed recitation of your work history, commencing subsequent to your graduation from high school, providing in your response:

    a.    the identities and addresses of all employers;

    b.    the inclusive dates of your employment with each such employer;

    c.    the identity of your immediate supervisor at each place of employment;

    d.    your gross compensation at each place of employment;

    e.    your reason for leaving such place of employment.

**ANSWER:**

1979 – Green Company, Belmont Road, West Harwich, MA.
1980 – David W. Pimenta, 198 Main Street West Harwich, MA 02671.
1981 through 1986 - I cannot recall the full name of the person/entity for which I worked.
1986 – Tommy Williams, Yarmouth, MA. A+E Forms.
1987 – Stop and Shop, Hyannis, MA Purity Supreme, Dennis MA.
1988 – Stop and Shop.
1988 through 1999 – I cannot recall the full name of the person/entity for which I worked
1999 – A&P, Yarmouth, MA.
2000 through 2001 – Brad's Lawn Service, West Harwich, MA.
2002 – I cannot recall the full name of the person/entity for which I worked.
2003 – 2004: Brads Lawn Service.
2005 – Brads Lawn Service, West Harwich, MA.

**INTERROGATORY NO. 4:**

Please state any injury or illness, whether emotional, mental or physical from which you suffered in the five (5) year period prior to the occurrences set forth in the Complaint.

**ANSWER:**

Pursuant to Fed. R. Civ. P. 33(d) Plaintiff states that the answer to this interrogatory may be derived or ascertained from examination of Plaintiff's medical records.

3

**INTERROGATORY NO. 5:**

Please describe the occurrences at issue in the Complaint by stating the date and time of day on which they occurred, and the exact geographical or physical location at which they occurred.

**ANSWER:**

The occurrences at issue took place on or about November 29, 2001, at 621 Main Street, Harwich Port, MA 02646.

**INTERROGATORY NO. 6:**

Please describe in full and complete detail how the occurrences occurred, stating both what you observed and what you did in their order of occurrence.

**ANSWER:**

I was in my apartment on the second floor listening to music on my headphones. I noticed that the door to my apartment had been cracked open because of a ray of light let into my apartment through the crack. I got up and looked at the door and saw that there was a pistol protruding approximately 2 inches through the opening in my bedroom door. I tried to push the door shut and also remember trying to hit the pistol and/or hand with a hockey stick. The door opened and I got shot.

**INTERROGATORY NO. 7:**

Please state whether within the twenty-four (24) hour period prior to the occurrences, you ingested or imbibed any alcoholic beverage or drug, whether prescription or otherwise.

**ANSWER:**

None.

**INTERROGATORY NO. 8:**

If your answer to the preceding interrogatory is in the affirmative, please provide the exact nature and amount of each alcoholic beverage or drug ingested or imbibed by you, and the time of your ingesting or imbibing same.

**ANSWER:**

Not applicable

**INTERROGATORY NO. 9:**

Please provide the name and address of each person (other than your attorneys) known by you to have witnessed or to have knowledge concerning the occurrences set forth in the Complaint.

**ANSWER:**

Officer Kender, Officer Mitchell, and Officer Jacek.

**INTERROGATORY NO. 10:**

Please state:

a. the name and address of each person whom you or your attorney expect to call as an expert witness at the trial of this action;

b. the subject matter on which each expert is expected to testify;

c. the substance of the facts and opinions to which each expert is expected to testify; and

d. the grounds for each such opinion of each expert witness. (The plaintiff is further respectfully referred to Fed.R.Civ.P.26(a)(2)(B) with respect to further disclosure of expert information).

5

**ANSWER:**
Expert(s) have not yet been identified. Information regarding expert witnesses will be provided, if necessary, in compliance with the applicable Federal Rules of Civil Procedure.

**INTERROGATORY NO. 11:**

Please give an account, itemized as fully and completely as possible, of all losses which you or your legal representatives are claiming you incurred as a result of the occurrences set forth in the Complaint, including but not limited to those losses which are attributable to hospital, medical or mental health care and treatment, loss of earnings and loss of earning capacity.

**ANSWER:**

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs the Defendants to examine documents made available for inspection to Defendant pursuant to their request for production of documents. The answer to this interrogatory may be derived or ascertained therein.

**INTERROGATORY NO. 12:**

Please set forth in full and complete detail the nature and extent of all injuries, physical, emotional or mental in nature, allegedly suffered by you as the result of the occurrences set forth in the Complaint, including in your response:

    a.    the name and address of each hospital, medical professional and mental health professional which rendered treatment to you, providing a complete description of the treatment you received, and the inclusive dates thereof;

    b.    the dates between which you were absent from your employment and/or school as a result of the occurrences set forth in the Complaint.

**ANSWER:**

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs the Defendants to examine documents made available for inspection to Defendant pursuant to their request for production of documents. The answer to this interrogatory may be derived or ascertained therein.

**INTERROGATORY NO. 13:**

If any statement has been taken from the defendants, their agents, servants or employees, whether written or oral, or received from any person including yourself regarding in any way the occurrences set forth in the Complaint, please state:

a. the name and address of the person from whom each such statement was obtained;

b. the date of any such statement;

c. the substance of any such statement;

d. the name and address of the person, firm or corporation presently in possession or custody of such statement.

**ANSWER:**

I am not currently aware of the existence of any such statements.

**INTERROGATORY NO. 14:**

Please set forth the factual basis for your contention, as set forth in Paragraph 8 of the Complaint that "Officer Kender's use of force . . . was unprovoked, excessive, unreasonable and unconstitutional," specifying each act of said defendant supporting that contention.

**ANSWER:**

Objection. The request calls, in part, for a legal conclusion. Further answering, the officers did not announce their presence or identify themselves or provide a warrant prior to their entry to my premises. I didn't invite them into my apartment. I had not said

7

or done anything to the officers before they drew their guns and entered my apartment without permission. Ultimately, Defendants shot me in the back without provocation and without warning.

**INTERROGATORY NO. 15:**

Please set forth the factual basis for your contention, as set forth in Paragraph 9 of the Complaint, that "Officer Mitchell's use of force against Mr. Bates . . . was also unprovoked, excessive, unreasonable and unconstitutional," specifying each act of said defendant supporting that contention.

**ANSWER:**

Objection. The request calls, in part, for a legal conclusion. Further answering, the officers did not announce their presence or identify themselves or provide a warrant prior to their entry to my premises. I didn't invite them into my apartment. I had not said or done anything to the officers before they drew their guns and entered my apartment without permission. Ultimately, Defendants shot me in the back without provocation and without warning.

**INTERROGATORY NO. 16:**

Please indicate whether you have ever been convicted of, or pled guilty to a crime. If your answer is in the affirmative, please provide the pertinent court and docket number, the charge upon which you were convicted or pled guilty, and the date of the conviction or plea.

**ANSWER:**

Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff directs the Defendants to examine documents made available for inspection to Defendant pursuant to their

8

request for production of documents. The answer to this interrogatory may be derived or ascertained therein.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 22 DAY OF MARCH 2006.

                                                                       Glenn S. Bates

As to Objections:

Timothy J. Perry (BBO#631397)
Gregory T. Donoghue (BBO#661480)
PRETI FLAHERTY BELIVEAU
     PACHIOS & HALEY LLP
10 High Street, Suite 502
Boston, MA 02110
Tel (617) 226-3800
Fax (617) 226-3801

### CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon counsel of record via First Class U.S. mail, postage prepaid.

Dated: March 27, 2006

                                                             Gregory T. Donoghue

Charles D. Mulcahy, Esq.
Wynn & Wynn, PC
90 New State Highway
Raynham, MA 02767

Joseph L. Tehan, Jr., Esq.
Jackie A. Cowin, Esq.
Kopelman & Page, PC
31 St. James Avenue
Boston, MA 02116-4102