UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10489-NMG

GLENN S. BATES,

   Plaintiff

v.

TOWN OF HARWICH AND HARWICH
POLICE DEPARTMENT, CHRISTOPHER
KENDER, AND BARRY MITCHELL,

   Defendants

JOINT PRE-TRIAL MEMORANDUM

Now come the parties to the above-captioned action and, pursuant to the Court's Order dated December 10, 2007, hereby submit the following Trial Memorandum.

1.    Summary of the Evidence

   (a)    Plaintiff

Plaintiff expects the evidence to show that on November 30, 2001, Defendants violated his civil rights by using excessive force against him while acting under the color of state law in their capacities as police officers for the Town of Harwich, Massachusetts. On that date, the defendant officers were supposed to take Plaintiff into custody on a Warrant of Apprehension. The officers were obligated to use reasonable force in doing so. The officers knew that Bates suffered from severe mental and emotional issues at the time. Nonetheless, the officers disregarded their obligation to use reasonable force. They entered Plaintiff's apartment without knocking and announcing their presence. They entered Plaintiff's apartment with weapons drawn and took Plaintiff by surprise. A short struggle ensued, but the officers quickly gained the upper hand. When Plaintiff turned to retreat, he was shot in the back. The evidence will show that this use of force was excessive, completely unnecessary under the circumstances and in knowing and intentional disregard of Plaintiff's civil rights. The evidence will further show that Plaintiff suffered traumatic, life altering, and permanent injuries and other damages due to the violation of his civil rights.

   (b)    Defendants Kender and Mitchell

The defendants expect that the evidence will show that on November 30, 2001, Bates' mother obtained a Warrant of Apprehension from the Orleans District Court to have plaintiff apprehended and brought before the Court for a psychological evaluation. Defendant Christopher Kender, a Sergeant with the Harwich Police Department, was directed by his

dispatcher to serve the Warrant on plaintiff, and requested assistance from defendant Barry Mitchell, a Harwich Police Lieutenant, whom Kender believed to have a good rapport with Bates due to prior encounters.

The evidence will further show that the officers arrived at Bates' residence – a multi-family structure in which Bates lived in the upstairs, rear apartment – knocked on an outside door and announced their presence. After receiving no response, the officers entered the building through the unlocked rear door, and ascended a narrow staircase leading to plaintiff's apartment, again announcing their presence as they did so. At first Bates made no response; however the officers observed movement of feet through the crack at the bottom of the door.

The evidence will show that Mitchell reached the top of the stairway, went to the door of plaintiff's apartment, and once again announced the officers' presence. A voice from inside the apartment said "Come on in." Mitchell, who did not have his weapon drawn, pushed the unlocked door open, poked his head into the doorway, and looked to the right, the direction in which he had seen the feet move.

As Mitchell looked to the right, he saw plaintiff, off to the side with a hockey stick raised above his head. Plaintiff brought the hockey stick down toward Mitchell's head, but Mitchell pulled back in time to escape its blow. As Mitchell turned to retreat down the stairway, plaintiff struck him on the back with the hockey stick, throwing him off-balance and sending him staggering down the stairs. He then drew his weapon on Bates, with the intention of shooting him.

Bates then crossed the threshold of his apartment and advanced toward Kender, who had followed Mitchell upstairs, swinging the hockey stick and then bludgeoning Kender with it on the head, with sufficient force to knock him to one knee. Kender then drew his pistol, trained it on Bates and yelled "Glenn stop! Glenn stop!" Bates did not stop and instead advanced toward Kender, descending to the second step of the stairway, raising the hockey stick in a cocking motion and preparing to strike again.

The defendants expect the evidence to show that, due to the narrow "Cape Cod" style of the stairway, Kender could not use his service baton to subdue plaintiff, and that, because of plaintiff's close proximity, he could not use pepper spray, as the spray would make contact with him as well as plaintiff.

As plaintiff advanced upon him, Kender fired his weapon. The shot missed plaintiff, who continued to advance, swinging the hockey stick from side to side in a motion that twisted his body around so that part of his back was facing Kender. Kender fired again, this time hitting plaintiff in his flank.

Although Bates claims that after he was shot, the defendants jumped on him, kicked him, dragged him across the floor and threw him down the stairs, plaintiff's medical records will conclusively refute these allegations. Meanwhile, Kender suffered a concussion and permanent disfigurement to his right eye as the result of plaintiff's attack. Mitchell suffered massive contusions to his back and abrasions to his skin as a result of the attack.

Bates was subsequently convicted in Barnstable Superior Court of two counts of assault and battery with a dangerous weapon. His appeal of his conviction was dismissed.

The evidence will further show that the Barnstable County District Attorney's Office conducted an inquest into the incident, and concluded that the shooting was justified. Defendants expect that state police officers who examined the forensic evidence at the scene will testify that, although Bates claims that the shooting took place inside the apartment, the evidence conclusively establishes that Bates and Kender were in the stairway, with plaintiff advancing upon Kender from further up the stairway, when the shooting occurred, consistent with Kender's version of events, and that Kender and Mitchell's weapons were black in color.

Finally, defendants expect the evidence, including the testimony of a psychiatrist who testified in support of plaintiff's insanity defense at his criminal trial, will show that plaintiff is delusional and unable to distinguish fact from fiction.

    (c)    <u>Defendant Town of Harwich</u>

The Town expects to show that defendants Mitchell and Kender's actions were reasonable under the circumstances.

2.    <u>Facts Established by Pleadings, Stipulation, or Admissions</u>

1. At the time of the incident underlying the Complaint, plaintiff was a 40-year-old resident of Harwich.

2. On November 30, 2001, Bates' mother, Priscilla Hughes, obtained a Warrant of Apprehension from the Orleans District Court, pursuant to G.L. c.123, §12(e), to have plaintiff brought before the Court for a psychological evaluation.

3. Kender and Mitchell proceeded to plaintiff's residence to serve the Warrant of Apprehension.

3.    <u>Contested Facts</u>

    (a)    Whether the shooting occurred inside plaintiff's apartment or on the stairway leading to the apartment.

    (b)    Whether plaintiff had stopped his assault on the officers, or was continuing it, when the shooting occurred.

3

(c) Whether the shooting of plaintiff was a reasonable, or an unreasonable use of force.

(d) Whether defendant Mitchell employed any force against Bates.

(e) Whether the defendant officers assaulted plaintiff after he had been shot.

(f) What damages, if any, plaintiff should be awarded.

4. <u>Jurisdictional Questions</u>

None.

5. <u>Pending Motions</u>

<u>Plaintiff</u>

Plaintiff has two motions in limine regarding evidence expected to be offered by Defendants that he requests be ruled upon prior to trial.

<u>Defendants Kender and Mitchell</u>

Kender and Mitchell have filed a motion authorizing release of plaintiff's Criminal Offender Record Information ("CORI").

Kender and Mitchell have also filed a Motion to Compel More Responsive Answers to Interrogatories.

Kender and Mitchell intend to file a Motion in Limine, requesting that the Court deem as admitted facts contained within a Request for Admissions propounded to plaintiff, for failure to respond to said Request.

<u>Defendant Town of Harwich</u>

None at this time.

6. <u>Legal Issues</u> (including Evidentiary questions, with supporting authority)

<u>Plaintiff</u>

Plaintiff's evidentiary issues are set forth in two motions in limine and plaintiff requests a ruling on those issues prior to trial.

     Defendant Kender and Mitchell

     Whether Kender is entitled to qualified immunity.

     Whether Mitchell, who did not take part in the shooting, may be held liable for any adverse finding regarding same.

     Whether Mitchell is entitled to qualified immunity.

     Defendant Town of Harwich

     None.

7.    Requested Amendments to the Pleadings

     None.

8.    Additional Matters

     None.

9.    Probable Length of Trial

     Plaintiff estimates five to eight days on a 9 a.m. to 1 p.m. schedule. Defendants estimate four to five days, on a 9 a.m. to 1 p.m. schedule, including jury empanelment.

10.   Witnesses

    (a)    Plaintiff

Glenn Bates
c/o Timothy J. Perry
Perry Krumsiek & Jack
One McKinley Square
Boston, MA 02109
Purpose of Testimony: Facts, claims and damages set forth in Complaint.

Barry Mitchell

Christopher Kender

William Mason, Chief of Police
Town of Harwich
c/o Charles Mulcahy
Purpose of Testimony: Facts, claims and damages set forth in Complaint. Policies and procedures for Harwich P.D.

5

Lawrence M. Novak, M.D.
40 Lewis Bay Road
Hyannis, MA  02601
Purpose of Testimony: Medical Treatment provided to Plaintiff as a result of gunshot wounds inflicted by Defendants.

C. Richard Williams, M.D.
Cape Cod Hospital
27 Park Street
West Yarmouth, MA  02601
Purpose of Testimony: Medical Treatment provided to Plaintiff as a result of gunshot wounds inflicted by Defendants.

Laurence Young, M.D.
8 Prospect St
North 2
Nashua, NH  03061
Purpose of Testimony: Medical Treatment provided to Plaintiff as a result of gunshot wounds inflicted by Defendants.

Stephen Brooks, M.D.
40 Lewis Bay Road
Hyannis, MA  02601-5210
Purpose of Testimony: Medical Treatment provided to Plaintiff as a result of gunshot wounds inflicted by Defendants.

Arthur Aaronson, M.D.
Cape Cod Hospital
27 Park Street
West Yarmouth, MA  02601
Purpose of Testimony: Medical Treatment provided to Plaintiff as a result of gunshot wounds inflicted by Defendants.

Evandelos G. Geraniotis
Cape Cod Hospital
27 Park Street
West Yarmouth, MA  02601
Purpose of Testimony: Medical Treatment provided to Plaintiff as a result of gunshot wounds inflicted by Defendants.

Keeper of Records
Cape Cod Hospital
27 Park Street
West Yarmouth, MA  02601

Purpose of Testimony: Only needed if Defendants do not agree to admission of medical records.

(b)     Defendants Kender and Mitchell

The defendants may call the following witnesses at trial:

Christopher Kender
Harwich Police Department
183 Sisson Road
Harwich, MA 02645
Purpose of testimony: Factual

Barry Mitchell
Harwich Police Department
183 Sisson Road
Harwich, MA 02645
Purpose of testimony: Factual

Joseph A. Condon
Massachusetts State Police
470 Worcester Road
Framingham, MA 01702
Purpose of testimony: Factual, forensic

Monty Gilardi
Massachusetts State Police
470 Worcester Road
Framingham, MA 01702
Purpose of testimony: Factual, forensic

Carol Harding
Massachusetts State Police
470 Worcester Road
Framingham, MA 01702
Purpose of testimony: Factual, forensic

Douglas Weddleton
Massachusetts State Police
470 Worcester Road
Framingham, MA 01702
Purpose of testimony: Factual, forensic

Priscilla Hughes
621 Rte. 28
Harwich, MA 02646
Purpose of testimony: Factual

    Dr. Marc A. Whaley
    60 Munson Meeting Way
    Chatham, MA 02633
    Purpose of testimony: Expert

    Kender and Mitchell reserve the right to call any witness on plaintiff's list, or the Town of Harwich's list.

    (c)     <u>Defendant Town of Harwich</u>

        Chief William Mason
        Harwich Police Department
        183 Sisson Road
        Harwich, MA 02645
        Purpose of testimony: Factual

        Representative of the Barnstable Police Department
        Route 132 Phinney's Lane
        Hyannis, MA 02601
        Purpose of testimony: Factual

11.     <u>Proposed Exhibits</u>

    (a)     <u>Agreed-To Exhibits</u>

    1.     Photographs of locus of incident.

    (b)     <u>Exhibits to Which the Parties Reserve the Right to Object</u>

        A.     Medical records of Glenn Bates

        B.     Harwich Police Department Policy Manual, Sect. 1 Rules and Regulations

        C.     Harwich Police Department Operating Procedures Chapter VI, Use of Force

        D.     MPI Policy & Procedure No. -400, Use of Force

        E.     Harwich Fire Department (Paramedic) Reports

        F.     Warrant of Apprehension for Glenn S. Bates, with supporting Application and Affidavit of Priscilla Hughes.

        G.     Civil Restraining Order against Glenn S. Bates dated November 30, 2001.

  H. Photographs of Christopher Kender and Barry Mitchell following November 30, 2001 incident.

  I. Diagram of locus of incident.

  J. Photographs of stairway leading to apartment of Glenn S. Bates.

  K. DVD of scene at Bates residence following November 30, 2001 incident.

  L. Report of Barnstable County District Attorney regarding November 30, 2001 incident.

  M. Docket from Com. v. Glenn S. Bates, Barnstable County C.A. No. 2002-00019.

  N. Verdict slips from Com. v. Glenn S. Bates, Barnstable County C.A. No. 2002-00019.

  O. Appeals Court Docket for Com. v. Glenn S. Bates, Case No. 2003-P-1526.

  P. Summary of Psychiatric Evaluation of Glenn S. Bates by Marc A. Whaley, M.D.

  Q. Aid to Sentencing Evaluation of Dr. Charles N. Moore, Jr.

| | |
|---|---|
| PLAINTIFF<br>GLENN BATES,<br><br>By his attorney,<br><br>/s/ Timothy J. Perry          /jc<br>Timothy J. Perry (BBO# 631397)<br>Perry, Krumsiek & Jack<br>One McKinley Square<br>Boston, MA 02109<br><br>DEFENDANT TOWN OF HARWICH,<br><br>By its attorney,<br><br>/s/ Charles D. Mulcahy     /jc<br>Charles D. Mulcahy (BBO# 359360)<br>Wynn & Wynn, P.C.<br>90 New State Highway<br>Raynham, MA 02767<br>(508) 823-4567 | DEFENDANTS,<br><br>CHRISTOPHER KENDER<br>AND BARRY MITCHELL<br><br>By their attorneys,<br><br>/s/ Joseph L. Tehan, Jr.          /jc<br>Joseph L. Tehan, Jr. (BBO# 494020)<br>Jackie Cowin (BBO# 655880)<br>Kopelman and Paige, P.C.<br>101 Arch Street<br>Boston, MA 02110<br>(617) 556-0007 |

334930/METG/0629

9