UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLENN S. BATES,<br>    Plaintiff<br><br>v.<br><br>CHRISTOPHER KENDER and<br>BARRY MITCHELL<br>    Defendants | )<br>)<br>)<br>)<br>)   C.A. NO. 05-10489-NMG<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL INTERROGATORY RESPONSES

Plaintiff Glenn Bates hereby opposes the motion to compel interrogatory responses filed by Defendants Christopher Kender and Barry Mitchell on February 13, 2008. As reasons therefore, Plaintiff states as follows:

(1) Plaintiff served his responses to the subject interrogatories nearly two years ago, on March 22, 2006. Defendants never made an issue regarding the sufficiency of those responses prior to February 13, 2008 despite the fact that Judge Lasker specifically afforded Defendants the opportunity to do so by his Order dated April 4, 2006. Rather than take advantage of that Order, Defendants for some reason waited until the very eve of trial to request further answers to interrogatories. Plaintiff should not have to spend his trial preparation time supplementing interrogatory answers where Defendants chose to wait until now to seek such supplementation.

(2) Discovery in this matter closed on April 30, 2006. Defendants were required to seek supplementation of any discovery at that time – not nearly two years later.

(3)   Defendants do not need supplementation of the interrogatories. Indeed, Defendants extensively deposed Plaintiff on the very issues for which they purportedly seek supplementation. Requiring further supplementation at this time simply will create unnecessary "busy-work" for Plaintiff during the week of his preparation for trial.

(4)   The interrogatories are permissible in their present form. In response to Interrogatory No. 4 (a request seeking Plaintiff's medical history), Plaintiff referred Defendants to his medical records. Plaintiff is not a physician and should not be forced to recite his medical history to Defendants. To the extent that Defendants believed Plaintiff's medical history was pertinent to this case, they, of course, were entitled to seek to obtain further medical records from Plaintiff's physicians during the discovery period. They failed to do so. In Interrogatory Nos. 11 and 12, Defendants seek the nature of the injuries suffered on the date of the incident. Relevant medical records were provided and show that Plaintiff suffered severe injuries – including from a gunshot wound – on the date of the incident. There is nothing Plaintiff can add to the medical question posed of him outside the medical records. Nonetheless, again, Plaintiff was fully deposed on these issues. Finally, Interrogatory No. 16 requested information relating to Plaintiff's criminal history. Defendants were entitled during the discovery period to either obtain Plaintiff's CORI by Court Order or seek an order requiring Plaintiff to obtain the information. Defendants did neither. Rather, they waited until the eve of trial and seek to have Plaintiff perform the work that they were required to do long ago.

**WHEREFORE**, Defendants' Motion to Compel Interrogatory Reponses at this time should be denied.

        Respectfully submitted,

        GLENN BATES,

        /s/ Timothy J. Perry
        Timothy J. Perry (BBO#631397)
        Perry, Krumsiek & Jack LLP
        One McKinley Square
        Boston, MA  02109
        (617) 720-430
        FAX (617) 720-4310

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon the counsel of record via the ECF filing system of the US District Court for the District of Massachusetts.

Dated: February 15, 2008        /s/ Timothy J. Perry
                                               Timothy J. Perry