UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10489-NMG

| | |
|---|---|
| GLENN S. BATES,<br><br>    Plaintiff<br>v.<br><br>TOWN OF HARWICH AND HARWICH POLICE DEPARTMENT, CHRISTOPHER KENDER, AND BARRY MITCHELL,<br><br>    Defendants | DEFENDANTS KENDER AND MITCHELL'S PROPOSED <u>JURY INSTRUCTIONS</u> |

    Now come the defendants, Christopher Kender and Barry Mitchell, and hereby submit the attached proposed instructions (numbered 1 through 13) for submission to the jury.

DEFENDANTS CHRISTOPHER KENDER
AND BARRY MITCHELL,

By their attorneys,

/s/ Jackie Cowin
Joseph L. Tehan, Jr. (BBO #494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA 02110
(617) 556-0007

338694/METG/0629

**EXESSIVE FORCE**

**Excessive Force Claim Based on Kender's Shooting (Section 1983)**

1.  The plaintiff claims that Christopher Kender used excessive force when he shot him on November 30, 2001. In other words, plaintiff claims that, under the circumstances, it was unreasonable, or unjustified, for Kender to shoot him. <u>Graham</u> v. <u>Connor</u>, 490 U.S. 386, 388, 109 S.Ct. 1865 (1989).

2.  The law states that a police officer may use deadly force against a person, if he has reason to believe that that person poses a threat of serious physical harm, either to the officer or to other people.  Brosseau v. Haugen, 543 U.S. 194, 197-98, 543 U.S. 194 (2004) (quoting Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694 (1985)); see also Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 23 (1st Cir.2005) ("[t]he test for whether the use of deadly force is excessive is whether an objectively reasonable officer would believe that the suspect posed a threat of serious physical harm either to the officer or others").

3.  To decide whether it was reasonable for Kender to think that plaintiff posed a threat of serious harm to himself or to others, you must decide whether an objectively reasonable police officer, in Kender's position, would have thought as much. Brosseau, 543 U.S. 194, 197, 543 U.S. 194 (2004) (quoting Graham, 490 U.S. 386, 388 109 S.Ct. 1865 (1989)).

4.  In deciding whether an objectively reasonable officer would have thought plaintiff posed a serious danger of physical harm to Kender or to others, you must allow for the fact that Kender was forced to make a split-second judgment in tense, uncertain, and rapidly evolving circumstances.  <u>Graham</u>, 490 U.S. at 396-97, 109 S.Ct. 1865.

5.  Whether Kender's use of deadly force was justified does not depend on whether he could have used a lesser means of force to subdue plaintiff. So long as you find that it was reasonable to use deadly force under the circumstances, the use of such force was lawful, even if you find that Kender could have used a lesser means of force. See Seekamp v. Michaud, 109 F.3d 802, 807-08 (1st Cir.1997) (in excessive force case, court noted that "in a closely analogous context," the Supreme Court has held that the constitutionality of a seizure "does not depend exclusively on whether the police employed the least intrusive investigatory means available. … A creative judge engaged in post hoc evaluation of police conduct can almost always imagine some alternative means by which the objectives of the police might have been accomplished. But … [t]he question is not simply whether some other alternative was available, but whether the police acted unreasonably in failing to recognize or pursue it").

6. The evidence has established that plaintiff was convicted of assault and battery with a dangerous weapon, to wit: a hockey stick, on both Christopher Kender and Barry Mitchell. Napier v. Town of Windham, 187 F.3d 177, 184 (1st Cir.1999) ("[i]t is beyond doubt that issue preclusion applies to a federal civil rights action following a criminal conviction in state court").

Case 1:05-cv-10489-NMG    Document 70    Filed 02/19/2008    Page 7 of 14

7.  By finding plaintiff guilty of assault, it means that the jury found plaintiff guilty of putting Kender and Mitchell in fear of an imminent battery. Com. v. Gorassi, 432 Mass. 244, 247 (2000). By finding plaintiff guilty of battery, it means that the jury found plaintiff guilty of committing an actual harmful touching of Kender and Mitchell. Id. Finally, the verdict means that the jury found that he committed the battery with an inherently dangerous weapon – the hockey stick. Com. v. Appleby, 380 Mass. 296, 308 (1980).

**Excessive Force Claim Based on Kender's Shooting (MCRA)**

8. In order to recover under the MCRA, plaintiff must prove not only that the force Kender used against him violated his civil rights, as explained above, but that it violated his civil rights by means of threats, intimidation, or coercion. Kelley v. LaForce**,** 288 F.3d 1, 10 (1st Cir. 2002).

**INTENTIONAL TORT CLAIMS**

**Assault and Battery**

9. The plaintiff also claims that Kender committed an assault and battery on him by his actions during the November 30, 2001 incident. If you find that Kender did not use excessive force against plaintiff, then you must find in his favor on the assault and battery claim. Julian v. Randazzo, 380 Mass. 391, 396 (1980) ("an officer authorized to make an arrest may use such force as is reasonably necessary to effect the arrest"); Dean v. City of Worcester, 924 F.2d 364, 369 (1st Cir. 1991) ("the right to make an arrest … necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it"); Sietins v. Joseph, 238 F.Supp.2d 366, 380 (D.Mass. 2003) (dismissing assault and battery claim where plaintiff did not prove excessive force was used).

**Intentional Infliction of Emotional Distress**

10.  The plaintiff also claims that Kender's actions during the November 30, 2001 incident comprised an intentional infliction of emotional distress upon him. To prove this claim, plaintiff must prove, among other things, that Kender's conduct was extreme and outrageous. Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 596 (2001). The law states that, where police officers "merely carried out their obligations as law enforcement officials … their conduct 'as a matter of law cannot be deemed extreme and outrageous.'" Seitins, 238 F.Supp.2d at 379 (quoting Sena v. Commonwealth, 417 Mass. 250, 264 (1994)). Therefore, if you find that Kender's actions during the incident were not unlawful under the law of excessive force, you must find for Kender on this claim.

## **DAMAGES**

11. The fact that I am instructing you on damages does not suggest that you must consider damages. You are to consider damages if and only if you find that the plaintiff proved any of his claims by a preponderance of the evidence.

12.  Plaintiff also has the burden of proving the amount of his damages, if any, by a preponderance of the evidence. In deciding the amount of damages, you may not guess or speculate, and you may not rely on surmise or conjecture. The damages must be based solely on the evidence presented at trial, and not any bias or sympathy that you may feel toward any party in this case.

13. Plaintiff must also prove that any damages which he suffered were proximately caused by the defendants' conduct. "Proximately caused" means that the defendants' conduct directly caused the damages; if any intervening act – by the plaintiff or a third party – caused plaintiff's damages, you may not assess those damages to the defendants.