UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10489-NMG

GLENN S. BATES,

              Plaintiff

v.

CHRISTOPHER KENDER AND BARRY MITCHELL,

              Defendants

DEFENDANTS' SUPPLEMENTAL MEMORANDUM

      Now come the defendants, pursuant to the Court's authorization, and hereby supplement their Motion in Limine to Have the Court Deem Established the Fact of Plaintiff's Convictions for Assault and Battery with a Dangerous Weapon (Docket No. 67). Specifically, the defendants request that this Court rule that the fact of the above convictions, and the verdict slip indicating same, are admissible; and, further, that this Court rule that the fact of plaintiff's acquittal on charges of assault with intent to murder, and the verdict slip indicating same, are irrelevant and therefore inadmissible. As grounds therefor, defendants state as follows:

1.     To prove assault with intent to murder, the Commonwealth had to prove that plaintiff (1) assaulted Kender and Mitchell, and (2) possessed a specific or actual intent to cause the death of the officers. Commonwealth v. Nardone, 406 Mass. 123, 131-32 (1989).[1]

2.     In this case, the issue of whether Kender's use of deadly force against plaintiff was reasonable (i.e., not excessive) is to be determined by whether Kender had reason to believe that plaintiff posed a threat of serious physical harm, either to himself or to

---

[1] The Commonwealth also had to prove, as an additional element, the absence of any mitigating factor. See Nardone, 406 Mass. at 131.

   other people.  Brosseau v. Haugen, 543 U.S. 194, 197-98, 543 U.S. 194 (2004) (quoting Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694 (1985)); see also Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 23 (1st Cir.2005).  In order for Kender's use of deadly force to be reasonable, there is no requirement that Kender feared that he would be killed by plaintiff.

3. Therefore, the fact that the jury found that plaintiff did not possess "a specific or actual intent to cause the death of" the officers is not relevant to the inquiry into whether Kender's use of force was reasonable, and the fact of plaintiff's acquittal should be deemed inadmissible.  F.R.E. 402.

4. The fact of plaintiff's acquittal is further irrelevant to this matter because plaintiff's state-of-mind at the time of the incident – i.e. whether he meant to kill the officers, or merely injure them – is irrelevant, since it is the objective reasonableness of Kender's belief that plaintiff posed a serious threat of harm to himself or others that is determinative.  See Graham v. Connor, 490 U.S. 386, 397, 109 S.Ct. 1865 (1989); cf. U.S. v. Brown, 169 F.3d 89, 91 (1st Cir.1999)  (finding lack of criminal intent on suspect's part irrelevant to inquiry into whether probable cause existed for his arrest, "because it has no impact on the information possessed by [the officers] at the time of the arrest").

5. Even were the fact of plaintiff's acquittal marginally relevant, its probative value is substantially outweighed by the danger that this information would confuse the issues and mislead the jury, and should be excluded on this additional basis.  F.R.E. 403.

6. On the other hand, the fact of plaintiff's convictions on the charges of assault and battery with a dangerous weapon on Kender and Mitchell are relevant.  Specifically,

to prove assault and battery with a dangerous weapon, the Commonwealth had to prove that plaintiff put Kender and Mitchell in fear of an imminent battery, Com. v. Gorassi, 432 Mass. 244, 247 (2000), and committed a battery (i.e. a harmful touching) against them, with an inherently dangerous weapon – the hockey stick. Id.; Com. v. Appleby, 380 Mass. 296, 308 (1980).

7. As such, the criminal jury conclusively found that plaintiff put Kender and Mitchell in fear of an imminent harmful touching with the hockey stick, and did in fact commit the harmful touching – facts that are both relevant to the inquiry into whether Kender reasonably feared that plaintiff posed a threat of serious harm to himself or others.

WHEREFORE, the defendants request that this Court rule that the fact of plaintiff's conviction on two counts of assault and battery with a dangerous weapon, and the accompanying verdict slip, are admissible, and, further, rule that the fact of plaintiff's acquittal on the charges of assault with intent to murder, and the accompanying verdict slip, are inadmissible.

DEFENDANTS,
CHRISTOPHER KENDER
AND BARRY MITCHELL,

By their attorneys,

/s/ Jackie Cowin
Joseph L. Tehan, Jr. (BBO #494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA 02110
(617) 556-0007

338835/METG/0629