UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLENN S. BATES,<br>    Plaintiff | )<br>)<br>)<br>) |
| v. | )   C.A. NO. 05-10489-NMG |
| CHRISTOPHER KENDER and<br>BARRY MITCHELL<br>    Defendants | )<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MEMORANDUM REGARDING THE ADMISSIBILITY OF JURY VERDICT SLIPS – BOTH CONVICTIONS AND ACQUITTALS**

Per the Court's request at the pre-trial conference, Plaintiff Glenn Bates hereby submits this memorandum regarding the admissibility of verdict slips in this matter, both convictions and acquittals.

At the outset, it is important to note that the verdict slips regarding Plaintiff's convictions on counts of assault and battery are being proffered *by Defendants* to assist their defense that they were in fear for their lives on the date in question and acted reasonably in shooting Plaintiff in the back. Under these circumstances, federal courts have held that where a Defendant uses a conviction to support an affirmative defense, the Plaintiff may then use an acquittal as some evidence to refute that defense. In *Weyant v. Okst*, 101 F. 3d 845, 852 (2d Cir. 1996) the Court stated:

> We would note however that evidence of a subsequent arraignment or indictment is admissible as some proof of the presence of probable cause. Moreover, a conviction which survives appeal would be conclusive evidence of probable cause. On the other hand, evidence of a subsequent dismissal, acquittal or reversal on appeal would also be admissible to refute the affirmative defense of justification.

The cases show that it would be patently unfair to allow Defendants to rely on the convictions on certain counts to buffet their defense but to prevent Plaintiff from using accompanying acquittals to refute the affirmative defense.

Finally, it is important to note that the cases where acquittals are not permitted involve matters in which a party seeks to use the acquittal for collateral estoppel purposes. *See U.S. v. Gonzalez-Sanchez*, 825 F.2d 572, 584 (1st Cir. 1987) (Under the doctrine of collateral estoppel, "evidence of a prior crime for which the defendant was acquitted is inadmissible in a later trial, unless the evidence goes merely to a collateral fact concerning that prior crime, a fact that was not necessarily decided by the jury in reaching its verdict.") These cases are not applicable here because Plaintiff seeks to admit the evidence to rebut an affirmative defense, not for collateral estoppel purposes.

**WHEREFORE**, Plaintiff respectfully requests that, to the extent that the Court allows the admission into evidence of the Verdict Slips (or other evidence) showing Plaintiff's conviction for the underlying offense, that the Court also allow the admission into evidence of the Verdict Slips showing Plaintiff's acquittal on related charges.

Respectfully submitted,

GLENN BATES,

/s/ Timothy J. Perry
Timothy J. Perry (BBO#631397)
Perry, Krumsiek & Jack LLP
One McKinley Square
Boston, MA  02109
(617) 720-430
FAX (617) 720-4310

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon the counsel of record via the ECF filing system of the US District Court for the District of Massachusetts.

Dated: February 20, 2008         /s/ Timothy J. Perry
                                 Timothy J. Perry