United States District Court
District of Massachusetts

```
_____
                               )
GLENN S. BATES,                )
       Plaintiff,              )
                               )
       v.                      )   Civil Action No.
                               )   05-10489-NMG
CHRISTOPHER KENDER and BARRY   )
MITCHELL,                      )
       Defendants.             )
_____)
                               )
                               )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case, which is scheduled to go to trial on Monday, February 25, 2008, arises out of a shooting of the plaintiff Glenn S. Bates ("Bates") during a confrontation between Bates and defendants Christopher Kender ("Kender") and Barry Mitchell ("Mitchell"), police officers in Harwich, Massachusetts (collectively, "the defendants"). There are four pending motions in limine.

I.   **Background**

On November 30, 2001, Kender and Mitchell went to Bates's apartment to serve him with a Warrant of Apprehension ("the Warrant") obtained by Bates's mother. Under Massachusetts law, a Warrant of Apprehension permits apprehension of an individual for purposes of conducting psychiatric evaluation. The events that

-1-

took place after the defendants arrived are in dispute. The parties agree, however, that in the course of attempting to serve the Warrant, an altercation ensued and Kender shot Bates. Bates was subsequently convicted in Barnstable Superior Court of two counts of assault and battery with a dangerous weapon.

## II. Plaintiff's Motion in Limine to Exclude Summary Report of District Attorney (Docket No. 61)

Bates moves this Court to exclude a summary report written by the District Attorney's office ("the Report") regarding the discharge of a firearm on November 30, 2001. The Report was prepared by the district attorney in order to determine whether criminal charges should be brought against the defendants for the discharge of the firearm. Although initially Bates sought to exclude the entire report, at the pre-trial conference he argued, in the alternative, that only the "Law" and "Analysis" sections of the report should be excluded because they constitute expert opinion and are unfairly prejudicial.

Defendants oppose the motion on the grounds that the Report is admissible under Fed. R. Evid. 803(8)(C). That Rule makes admissible over hearsay objections:

> reports...of public offices or agencies, setting forth...in civil actions and proceedings...factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Although the Court concludes that the Report is a public record for purposes of the 803(8)(C) exception, the summaries of witness statements within the report are either double hearsay or lack sufficient relevance such that they will not be admitted notwithstanding the exception.  See United States v. Mackey, 117 F.3d 24, 28 (1st Cir. 1997)("hearsay statements by third persons...are not admissible under [the public record] exception merely because they appear within public records").  It also appears that the information about the medical treatment of the defendants came from the defendants themselves and therefore will not be admitted.

The "Forensic Evidence" and "Analysis" sections of the Report are factual findings within a public report and are therefore potentially admissible.  The "Analysis" section, however, contains conclusions based on Massachusetts law with respect to self-defense and deadly force and applying the criminal standard of "beyond a reasonable doubt".  The marginal relevance of that section of the Report is, therefore, clearly outweighed by the danger of unfair prejudice.  Consequently, this Court will deny plaintiff's motion, to the extent he seeks to exclude the first paragraph of the Introductory section and the "Forensic Evidence" section of the subject report but will otherwise allow it.

### III. <u>Plaintiff's Motion in Limine to Strike Defendants' Expert Disclosures and Preclude any Expert Testimony on Defendants' Behalf (Docket No. 63)</u>

Bates moves the Court to strike defendants' expert disclosures and to preclude any expert testimony on defendants' behalf at trial. At the pretrial conference, defendants informed the Court that they did not plan to call the two doctors discussed in the Bates's motion to strike and preclude. Consequently, the motion will be denied as moot.

### IV. <u>Plaintiff's Oral Motion to Preclude the Admission of a Portion of a Psychologist's Report</u>

At the pretrial conference, defendants informed the Court that they will seek to introduce portions of a report of a psychologist entitled "Aid to Sentencing Evaluation", which was submitted to the Barnstable Superior Court subsequent to Bates's criminal conviction. Plaintiff orally opposed the submission.

Defendants seek to introduce the "Identifying Information" on the face page and the section entitled "Observations Relevant to Sentencing and Disposition" on pages 11 to 13 pursuant to Fed. R. Evid. 803(8)(C). The report appears to qualify as a "public report" pursuant to that rule and, therefore, this Court will, to the extent plaintiff seeks to exclude the proffered sections of the report, deny the motion.

**V.    Defendants' Motion in Limine to Have Court Deem Established the Fact of Plaintiff's Convictions (Docket No. 67)**

Defendants move this Court to deem established the conviction of Bates for assault and battery.  They seek to present to the jury the fact that Bates was convicted on two counts of assault and battery with a dangerous weapon, to wit: a hockey stick and to be allowed to introduce the verdict slips from those convictions.  Bates filed no opposition to the motion but at the pretrial conference argued that the "not guilty" verdict slips with respect to the assault with intent to murder charge be introduced as well.  Both parties filed supplemental briefs with the Court's permission.

The applicable law in this civil case will require the jury to decide whether a reasonable person would believe that the suspect posed a threat of serious physical harm to the officers or others.  See Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 23 (1st Cir. 2005).  The conclusion of the jury at Bates's criminal trial that he did not intend to kill the defendants is relevant to this inquiry.  That is so because it has the "tendency to make the existence of any fact [e.g., the perceived threat of Bates to the officers]...more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  This Court will allow Defendants' Motion, provided however that the acquittal verdict forms will also be admitted.

**ORDER**

In accordance with the foregoing,

1) Plaintiff's Motion to Exclude Summary Report of District Attorney (Docket No. 61) is, to the extent it seeks to exclude the first paragraph of the introductory material and the "Forensic Evidence" section of the report, **DENIED** but is otherwise **ALLOWED**;

2) Plaintiff's Motion to Strike Defendants' Expert Disclosures and Preclude Expert Testimony on Defendants' Behalf (Docket No. 63) is **DENIED** as moot;

3) Plaintiff's oral motion to exclude "Aid to Sentencing Evaluation" report is, to the extent it seeks to exclude the "Identifying Information" section on the face page and the "Observations Relevant to Sentencing and Disposition" section on pages 11 to 13, **DENIED** but is otherwise **ALLOWED**; and

4) Defendants' Motion to Have Court Deem Established the Fact of Plaintiff's Convictions (Docket No. 67) is **ALLOWED,** provided however that the acquittal verdict forms will also be admitted.

**So ordered.**

/s/Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated February 21, 2008