UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10489-NMG

GLENN S. BATES,

        Plaintiff

v.

CHRISTOPHER KENDER AND BARRY MITCHELL,

        Defendants

DEFENDANTS' MOTION FOR A DIRECTED VERDICT AT THE CONCLUSION OF ALL THE EVIDENCE

Now come the defendants Christopher Kender ("Kender") and Barry Mitchell ("Mitchell"), and pursuant to Fed.R.Civ.P 50(a), hereby move that this Honorable Court enter judgment in their favor as a matter of law on all claims remaining in plaintiff's Complaint. As grounds therefor, defendants rely on the within Memorandum of Reasons:

MEMORANDUM OF REASONS

A.    Plaintiff's Claims for Excessive Force

    1.    With respect to plaintiff's claim for excessive force against Kender under 42 U.S.C. §1983, plaintiff has failed to adduce evidence sufficient to establish that an objectively reasonable person in defendant Kender's position would not have believed that plaintiff posed a threat of serious physical harm, to himself or to other people. Brosseau v. Haugen, 543 U.S. 194, 197-98, 543 U.S. 194 (2004) (quoting Tennessee v. Garner, 471 U.S. 1, 11, 105 S.Ct. 1694 (1985)); see also Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 23 (1st Cir.2005). In evaluating defendants' motion on this claim, the Court must allow for the fact that Kender was forced to make a split-second

judgment in tense, uncertain, and rapidly evolving circumstances. Graham v. Connor, 490 U.S. 386, 396-97, 109 S.Ct. 1865 (1989).

2.      With respect to plaintiff's claim for excessive force against Mitchell under Section 1983, plaintiff has failed to adduce evidence sufficient to establish that Mitchell used any force against him at all.

3.      With respect to plaintiff's claim for excessive force under the MCRA, plaintiff has failed to adduce evidence sufficient to establish that either Kender or Mitchell violated his civil rights, as explained above, or that either defendant violated his civil rights by means of threats, intimidation, or coercion. Kelley v. LaForce, 288 F.3d 1, 10 (1st Cir. 2002).

4.      Moreover, plaintiff is barred from prevailing on his claim for excessive force by the doctrine of collateral estoppel. Specifically, the evidence has established that plaintiff was convicted of assault and battery with a dangerous weapon (to wit: a hockey stick) on both defendants as a result of the incident underlying this Complaint – meaning that it has been conclusively determined that plaintiff put both Kender and Mitchell in fear of an imminent battery, or a harmful touching, by an inherently dangerous weapon, and actually committed that touching. Com. v. Gorassi, 432 Mass. 244, 247 (2000); Com. v. Appleby, 380 Mass. 296, 308 (1980). As Bates' convictions conclusively establish that he placed both officers in fear of suffering imminent and serious physical harm, he is estopped form prevailing on his claim that Kender's shooting was not objectively reasonable.

5.      Further, plaintiff is barred from prevailing on his claim for excessive force pursuant to the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 483-5, 114 S.Ct.

2364 (1994), which holds that a plaintiff may not prevail in a §1983 suit, if such a judgment would necessarily imply the invalidity of plaintiff's conviction in a related criminal case. Here, to prevail on his claim, plaintiff would have to prove that Kender and Mitchell did not have a reasonable fear that he posed a threat of serious harm to them or others. However, such a finding would negate elements of the crimes of assault and battery with a dangerous weapon for which plaintiff was already convicted. As such, a judgment in Bates' favor in this civil case would necessarily invalidate his conviction in the underlying criminal case – "precisely the situation that Heck does not countenance." Sholley v. Town of Holliston, 49 F.Supp 2d 14, 18 (D.Mass.1999).

6.     Finally, plaintiff has failed to adduce evidence that there was a break between his assault on the officers and Kender's shooting in response to the assault, and, therefore, the "requisite relatedness" exists between that assault and the shooting so as to bar plaintiff's excessive force claim pursuant to Heck. Compare Cunningham v. Gates, 312 F.3d 1148, 1154-55 (9th Cir.2002) (Heck barred excessive force claim based on police shooting, where Court found that there was no break between plaintiff's provocative act of firing on the police, and the police response that he claimed was excessive); contrast Thore v. Howe, 2006 WL 3041978 at *6 (D.Mass. 2006) (Heck would not bar excessive force claim for police shooting in response to plaintiff's gunning of car engine at officers, because by the time of the shooting, the plaintiff "was stationary in a car, boxed in with nowhere to go, and posed no threat to the officers," and, therefore, the "requisite relatedness" between the plaintiff's provocative act and the officer's response to it did not exist).

7.      Finally, notwithstanding the above, plaintiff has failed to adduce evidence sufficient to defeat the defendants' entitlement to qualified immunity, which protects officers in an excessive force case, so long as their conduct was not "so deficient that no reasonable officer could have made the same choice." See Roy v. Inhabitants of City of Lewiston, 42 F.3d 691, 695 (1st Cir. 1994); see also Anderson v. Creighton, 483 U.S. 635, 638-39, 107 S.Ct. 3034 (1987) (doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law' or those who act where "the law clearly proscribed the actions"); Malley v. Briggs, 475 U.S. 335, 343, 106 S.Ct. 1092 (1986) (qualified immunity leaves "ample room for mistaken judgments").

B.  Plaintiff's Intentional Tort Claims

8.      With respect to plaintiff's claim for assault and battery, plaintiff has failed to adduce evidence sufficient to establish that either defendant committed an unprivileged touching against him, or that either defendant put plaintiff in apprehension of such a touching. Moreover, since neither defendant used excessive force against plaintiff, as explained above, plaintiff's assault and battery claims must fail. Julian v. Randazzo, 380 Mass. 391, 396 (1980) ("an officer authorized to make an arrest may use such force as is reasonably necessary to effect the arrest"); Dean v. City of Worcester, 924 F.2d 364, 369 (1st Cir. 1991) ("the right to make an arrest ... necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it"); Sietins v. Joseph, 238 F.Supp.2d 366, 380 (D.Mass. 2003) (dismissing assault and battery claim where plaintiff did not prove excessive force was used).

9. With respect to plaintiff's claims for intentional infliction of emotional distress, plaintiff has failed to adduce evidence sufficient to establish that either defendant's conduct against him was extreme and outrageous. Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 596 (2001). Moreover, as the defendants' actions did not comprise excessive force, as explained above, the officers were "merely carr[ying] out their obligations as law enforcement officials," and as such, "their conduct as a matter of law cannot be deemed extreme and outrageous." Seitins, 238 F.Supp.2d at 379 (quoting Sena v. Commonwealth, 417 Mass. 250, 264 (1994)).

DEFENDANTS

By their attorneys,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO #494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA 0211
(617) 556-0007

339168/METG/0629