UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 05-10489-NMG

GLENN S. BATES,

          Plaintiff

v.

TOWN OF HARWICH AND HARWICH
POLICE DEPARTMENT, CHRISTOPHER
KENDER, AND BARRY MITCHELL,

          Defendants

DEFENDANTS KENDER AND
MITCHELL'S SUPPLEMENTAL
PROPOSED JURY INSTRUCTIONS

      Now come the defendants, Christopher Kender and Barry Mitchell, and hereby submit the attached supplemental proposed instruction (numbered 5A) for submission to the jury.

DEFENDANTS CHRISTOPHER KENDER
AND BARRY MITCHELL,

By their attorneys,

/s/ Jackie Cowin
Joseph L. Tehan, Jr. (BBO #494020)
Jackie Cowin (BBO# 655880)
Kopelman and Paige, P.C.
101 Arch Street
Boston, MA 02110
(617) 556-0007

339440/METG/0629

5A.     You have heard evidence that Kender and Mitchell went to plaintiff's residence pursuant to a Warrant of Apprehension. I will tell you what a Warrant of Apprehension is. Any person may apply to a court to have another person committed to a mental health facility for three days, if that person is likely to cause serious harm due to mental illness. After a hearing on the matter, the court may issue a Warrant of Apprehension, which orders the local police to arrest the person who is the subject of the warrant, and bring that person before the court. The court may then order that the person be examined by a physician for a determination whether "the failure to hospitalize the person would create a likelihood of serious harm." If such a determination is made, "the court may order the person committed to a mental health facility for up to three days." G.L. c.123, §12(e).