United States District Court
District of Massachusetts

```
_____
                              )
GLENN S. BATES,               )
                              )
          Plaintiff,          )
                              )    Civil Action No.
          v.                  )    05-10489-NMG
                              )
CHRISTOPHER KENDER and BARRY  )
MITCHELL,                     )
                              )
          Defendants.         )
_____)
```

**CHARGE TO THE JURY**

February 29, 2008

**MEMBERS OF THE JURY:**

You have now heard the evidence and the closing arguments in this case. It is now my duty to instruct you on the law that you must follow and apply. In any jury trial there are, in effect, two judges. I am one of the judges and you, collectively, are the other. It is my duty to preside over the trial and to determine what testimony and evidence is relevant under the law for your consideration. It is also my duty at the end of the trial to instruct you on the law applicable to the case. You, as jurors, are judges of the facts. But in determining what actually happened in this case, that is, in reaching your decision as to the facts, it is your sworn duty to follow the law as I am about to define it for you. When I have finished, you will begin your discussion with each other, what we call your deliberations.

-1-

To help you understand and remember these instructions on the law, I will divide them into three parts: <u>First</u>, general instructions intended to guide you throughout your deliberations; <u>second</u>, instructions about the claims, about questions you will be asked to answer (as stated in the Verdict Form), and about the law you must apply in considering these questions; and <u>third</u>, some additional general instructions about procedures during your deliberations.

These instructions are somewhat complicated, and I ask you to pay very careful attention. I need to read them because I cannot commit to memory all of the law about which I have to instruct you, but I will submit to you a written copy of this charge when you go to the jury room. I want to caution you right away, however, not to dwell on any one particular portion of it, if you decide to review it at all, because you must consider these instructions as a whole and not just one individual particular instruction. So I ask you to do your best to stay with me.

**PART I**

**GENERAL INSTRUCTIONS**

All of my instructions are about the law you must apply. I do not mean any of my instructions to be understood by you as a comment by me on the facts or on the evidence in this case. It is your function to determine the facts. Although the law allows a trial judge in this court to comment on evidence, I deliberately do

-2-

not do so and instead leave the fact-finding entirely in your hands.  You are to be the sole and exclusive judges of the facts.

Fortunately, you do not need to resolve every dispute of fact raised by the evidence.  In order to know which fact disputes are important, you need to know what rules of law to apply.  I have explained some of the rules to you during the course of the trial, and I will explain others to you now.  The lawyers were allowed to comment during their arguments on some of these rules of law, but if what they have said about the law differs in any way from my instructions, you must be guided only by the instructions on the law as I state them.

You must follow all of the rules as I explain them to you.  A single sentence or statement might not refer to an exception or qualification that I have stated elsewhere in these instructions, so you must consider all these instructions together, as a unit.

Even if you disagree with one or more of the rules of law, or don't understand the reasons for them, you are bound to follow them.  This is a fundamental part of our system of government by law rather than by the individual views of the judge or jurors who have the responsibility for deciding a case.  If I make any mistake in instructing you about the law, fair and even-handed application of the law to this and other cases is nevertheless assured, because any mistake I make on the law can be corrected on appeal.

In contrast, your decision on disputed facts is final.  That is, your findings on material disputed facts are not subject to appeal.  You are the final and exclusive judges of the facts.

-3-

In your fact-finding, of course, you are not to be swayed by bias, prejudice, sympathy or antagonism.  It is your function to find the facts fairly and impartially, on the basis of the evidence.

The evidence in the case consists of all exhibits received into evidence, all facts that may have been admitted or stipulated and all of the sworn testimony of the witnesses.  A stipulation means simply that the parties accept the truth of a particular proposition or fact.  Since there is no disagreement, there is no need for evidence apart from the stipulation. Statements and arguments of counsel are not evidence in the case.  Any evidence ordered stricken by the Court must also be disregarded.  Anything you may have seen or heard outside the courtroom is not evidence and you must disregard it entirely.  Your verdict must be based solely on the evidence presented in this courtroom and in accordance with my instructions.

Also, from the facts proved, you may draw reasonable inferences about additional facts.  An inference is a deduction or conclusion.  An inference is an additional finding that your experience, reason and common sense lead you to draw from facts that you find are proved by the evidence.

### Direct and Circumstantial Evidence

Two more phrases often used in discussions about evidence received in a trial are "direct evidence" and "circumstantial evidence".

Testimony of a witness showing first-hand observation of a

fact by that witness is direct evidence. For example, the testimony of an eyewitness just about what he or she saw is direct evidence. If the witness is permitted to go beyond what he or she saw and is permitted to state a conclusion, or inference, or opinion, that part of the answer is not direct evidence. Instead, it is one kind of circumstantial evidence.

Circumstantial evidence is proof of some facts, including events and circumstances, on the basis of which the jury may infer the existence or nonexistence of additional facts.

For example, let's suppose that you have been in this courtroom for a few hours and you have not been able to look outside. A man comes into this courtroom wearing a wet raincoat and carrying a dripping umbrella. You may draw the inference from those circumstances that it is raining outside. That is what we call circumstantial evidence as opposed to direct evidence which would be the testimony of the man in the wet raincoat taking the stand and telling you that it is raining outside.

Direct and circumstantial evidence have equal standing in law. That is, with respect to what weight shall be given to evidence before you, the law makes no distinction between direct and circumstantial evidence. No greater degree of certainty is required of circumstantial evidence than of direct evidence. You are to consider all the evidence in the case and give each item of evidence the weight you believe it deserves.

### Inferences

Any inference that you draw from the facts proved must be a

-5-

reasonable one and not merely conjecture or guesswork. You might decide that you do not have a sufficient basis to decide what inference to draw. It is for you, as judges of the facts, to decide whether the evidence before you is or is not sufficient for you to draw an inference. Ultimately, in drawing inferences, you should use your common sense.

If any reference by the Court or by the lawyers to matters of evidence is different from the way you remember the evidence, let your collective memory control.

### Objections

At times during the trial you heard lawyers object to questions asked by the other lawyer, and to answers by witnesses. It is a proper function of lawyers to object. In objecting, a lawyer is requesting that I make a decision on a question of law. Do not draw from such objections, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts.

When I sustained an objection to a question, the witness was not allowed to answer. Do not attempt to guess what the answer might have been. And, if you heard an answer to the question before my ruling, you are to disregard it. In your deliberations, do not consider or talk about any question to which I sustained an objection or any answer or other statement that I excluded, or struck, or told you not to consider.

Also, during the course of the trial I may have made comments

-6-

to the lawyers, or spoken to a witness concerning the manner of his or her testifying.  Do not assume from anything that I may have said that I have any opinion concerning any of the issues in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

### Note Taking

At the beginning of the trial, I instructed you about taking notes.  I remind you that notes taken by any juror are not evidence in the case and must not take precedence over your independent recollection of the evidence received in the case.  Notes are only an aid to recollection and are not entitled to any greater weight than actual recollection or the impression of each juror as to what the evidence actually is.

### Credibility

An important part of your job as jurors will be deciding whether or to what extent you believe what each witness had to say, and how important that testimony was.  You are the sole judges of the credibility of each witness.  In deciding whether to believe a witness or how much weight to give a witness's testimony, you may consider anything that reasonably helps you to assess that testimony.  The following are the kinds of questions you may want to consider in evaluating a witness's credibility.  Did the person seem honest?  Did he or she have some reason not to tell the truth? Did the witness have an interest in the outcome of the case?  Did he or she gain any personal advantage by testifying in this case?

Did the witness seem to have a good memory? Did the witness's testimony differ from his or her earlier testimony or from the testimony of other witnesses? Was the witness's testimony different on cross and direct examination? What was the witness's manner while testifying? These are some, but, of course, not all, of the kinds of things that will help you decide how much weight to give to what each witness said.

You may also consider any demonstrated bias, prejudice or hostility of a witness in deciding what weight to give to the testimony of that witness.

The mere number of witnesses or exhibits or the length of the testimony has no bearing on what weight you give to evidence, or on whether you find that the burden of proof has been met. Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because an inconsistency or difference exists. Two or more witnesses may see or hear things differently. Innocent misrecollection, like failure of recollection, is a common experience. In weighing the effect of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

On the other hand, you are not required to accept testimony, merely because it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent

-8-

improbability, or for whatever reason, that testimony is not worthy of belief.  You may accept all of a witness's testimony or you may reject all of it, or you may accept part and reject another part.

### Police Testimony

You have heard the testimony of law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  A police officer who takes the witness stand subjects his testimony to the same examinations and the same tests that any other witness does.  In the case of police officers, you should not believe or disbelieve them merely because they are police officers.  You should recall their demeanor on the stand, their manner of testifying, and the substance of their testimony, and you should weigh and balance it just as carefully as you would of any other witness.

### Prior Inconsistent Statements

You have heard evidence that at some earlier time a witness has said or done something which counsel argue is inconsistent with the witness's trial testimony.  Evidence of a prior inconsistent statement is generally not to be considered as affirmative evidence in determining liability.  When the prior statement was made by a party, however, it may be considered as affirmative evidence.  In other words, statements made prior to testimony by Mr. Bates, Sgt. Kender and Lt. Mitchell may be considered as affirmative evidence.

For other witnesses, prior statements were placed before you

-9-

for the more limited purpose of helping you decide whether, or how much, if any, of that witness's trial testimony to believe.  In making this determination, you may consider whether the witness purposely made a false statement or made an innocent mistake; whether the inconsistency concerns an important fact or a small detail; whether the witness had an explanation for the inconsistency, and if so, whether it appeals to your common sense.

### Burden of Proof

Because this is a civil case, the plaintiff, Glenn Bates, has the burden of proving every disputed element of his claims by a preponderance of the evidence.  If you conclude that the plaintiff has failed to establish a claim by a preponderance of the evidence, you must decide against the plaintiff on that particular claim.

To establish something by a preponderance of the evidence means to prove that it is more likely true than not true.  It means that such evidence, when considered and compared with the evidence opposed to it, has more convincing force and produces in your mind the belief that what is sought to be proved is more likely true than not true.  As I said at the beginning of the trial, to put it differently, if you were to put the plaintiff's and defendant's evidence on opposite sides of the scales, the plaintiff would have to make the scales tip somewhat to his side with respect to that claim.  In determining whether any fact in issue has been proved by a preponderance of the evidence in this case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have

-10-

introduced them.

The burden of proof has not been carried if, after considering all the evidence, you find that you must speculate, guess or imagine that one or more of the necessary facts is true. Although the burden is on the plaintiff to prove his contentions by a preponderance of the evidence, this rule does not, of course, require proof to an absolute certainty. Nor is proof beyond a reasonable doubt or by clear and convincing evidence required. As to all of the issues in this case, the standard for defining the burden of proof is the "preponderance of the evidence" standard.

### Sympathy

In many cases there is an element of sympathy which surrounds the trial. People involved in the case may be deserving of sympathy in everyday life. However, the courtroom is not the place for sympathy. When you decide this case, you must do so on the basis of the facts as you find them, disregarding sympathy and emotion. You must consider the evidence in a calm, dispassionate, analytical manner in accordance with the burden of proof I have just described and the specific instructions I will give you momentarily.

### Multiple Defendants

In this case, there are two defendants. You are not to treat them as one entity. When considering the plaintiff's claims, each of the defendants is entitled to your separate consideration. The question of whether the plaintiff's claims have been proven is

-11-

personal to each defendant and must be decided by you as to each defendant separately.  Unless I instruct you otherwise, you should consider every instruction given to apply separately and individually to both of the defendants.  You are not required to find more than one defendant liable in order to find that the plaintiffs are entitled to damages with respect to a specific claim.

During my instructions, I may refer to the two defendants simply as "the defendants."  I do this only for the sake of convenience.  They are separate defendants in this case and you must apply my instructions to them separately.

**PART II**

In this case, I will submit specific questions to you in a Verdict Form. First, I will summarize the claim and explain how to apply the law to that claim. In a moment, my deputy clerk will distribute copies of the Verdict Form that you will have in the jury room and that I will explain and refer to from time to time during the remainder of my instructions.

The plaintiff in this case, Glenn Bates, seeks to recover damages from the defendants, Christopher Kender and Barry Mitchell. Mr. Bates alleges violations of his federal constitutional rights and asserts a state common law claim of intentional infliction of emotional distress.

## FEDERAL CIVIL RIGHTS CLAIMS

Section 1983 of Title 42 of the United States Code provides that any individual may seek redress, by way of money damages, against any person or persons, who, under color of state law, deprives that individual of any of his constitutional rights.

The plaintiff, Glenn Bates, alleges that the defendants, while acting under color of authority of the Commonwealth of Massachusetts as members of the Town of Harwich Police Department, deprived him of rights guaranteed by the United States Constitution. The federal constitutional right that the plaintiff claims that the defendants violated is his right to be free from the use of excessive force.

With respect to his federal civil rights claim, the plaintiff must prove <u>each</u> of the following two elements:

    (a)    that the defendants committed acts that violated plaintiff's constitutional right to be free from the use of excessive force and

    (b)    that in doing so the defendants acted under color of state law.

The **first** element of the plaintiff's civil rights claim is that the defendants committed acts that violated Mr. Bates's constitutional rights. I will explain what that means with respect to the constitutional right that the plaintiff alleges was violated by the defendants.

**<u>Excessive Force</u>**

**[Read Question 1]**

The plaintiff claims that the defendants used excessive force in their encounter with him on November 30, 2001. When attempting to make a stop or an arrest, a police officer has the right to use only such force as is reasonably necessary to effectuate that stop or arrest. Reasonable force may include such physical force as is reasonably necessary to subdue a person who is struggling with an officer.

It is undisputed that on November 30, 2001, Lt. Mitchell and Sgt. Kender went to Mr. Bates's residence to serve a Warrant of Apprehension. Under Massachusetts law, any person may apply to a court to have another person committed to a mental health facility for three days if failure to confine that mentally ill

-14-

person would cause a likelihood of serious harm.  After a
hearing, the court may issue a warrant for the apprehension and
appearance of the alleged mentally ill person.  Such a warrant is
called a Warrant of Apprehension and that is what the defendants
intended to serve on Mr. Bates.

In this case, you must determine whether the force used in
attempting to arrest Mr. Bates was unreasonable or unjustified.
That determination requires careful attention to the facts and
circumstances of the case, including the severity of the crime at
issue, whether the suspect poses an immediate threat to the
safety of the officers or others and whether the plaintiff was
actively resisting arrest or attempting to evade arrest by
flight.  The use of force by police officers is not reasonable
under the Constitution if there is no need for force.  On the
other hand, the use of deadly force may be considered reasonable
in some instances.  A police officer may use deadly force if an
objectively reasonable officer would have thought that the person
on whom force was used posed a threat of serious physical harm
either to the officer or to other people.

It is not disputed that Mr. Bates was convicted of assault
and battery with a dangerous weapon, to wit: a hockey stick on
both Sgt. Kender and Lt. Mitchell.  By finding Mr. Bates guilty
of assault and battery with a dangerous weapon, it means that the
jury found him guilty of committing an actual harmful touching of
Sgt. Kender and Lt. Mitchell with a dangerous weapon, i.e., the

-15-

hockey stick.  It is also undisputed that Mr. Bates was acquitted
on charges of assault with intent to murder as a result of that
incident.  To prove the crime of assault with intent to murder,
the Commonwealth had to prove that Mr. Bates (1) assaulted Kender
and Mitchell and (2) that Mr. Bates possessed a specific or
actual intent to cause the death of the officers.  Those
convictions and acquittals have been established in another court
of law and should be considered in your decision as to whether
Sgt. Kender and Lt. Mitchell used unreasonable force on Mr.
Bates.  Although you must accept the assault and battery
conviction as a fact, you may determine that the defendants' use
of force was unreasonable in spite of those convictions.

     The "reasonableness" of a particular use of force must be
judged from the perspective of a reasonable officer on the scene,
rather than with the 20/20 vision of hindsight.  You must
consider the time available to the officer to assess the need for
force under the circumstances in this case.  Whether the
defendants' use of deadly force was reasonable does not depend on
whether they could have used other reasonable means of force to
affect the arrest although such a possibility may be relevant.
The inquiry is whether the particular means they used was
reasonable.

     It is your decision of what force a reasonable officer would
have used which controls, not the state of mind of the defendant
then under consideration.  Evil intentions on the part of the

-16-

officer will not establish a constitutional violation if the force used was objectively reasonable.  At the same time, if the force used was unreasonable, you must hold the officer liable for a constitutional violation even if you believe he had good intentions.  The force used in making a stop or an arrest is unnecessary, unreasonable or excessively violent if the officer exceeded that degree of force which a reasonable and prudent law enforcement officer would have thought reasonable under the same circumstances.

### Vicarious Liability

Mr. Bates may prove a violation of his constitutional right to be free from excessive force if he proves, by a preponderance of the evidence, that the defendant then under consideration failed to protect him from the use of excessive force by the other officer during his arrest on November 30, 2001.  Police officers have an affirmative duty to enforce the law and preserve the peace.  This includes stopping other police officers from violating the law. Therefore, if you find that one defendant violated the plaintiff's constitutional right to be free from the use of excessive force, and that another defendant observed the violation and, with the opportunity, failed to prevent it, you may hold that other defendant liable as well.

However, a police officer cannot be held liable for his failure to intervene if he had no realistic opportunity to prevent an attack.  Therefore, even if you find that one defendant failed

to prevent an unlawful use of force, if that defendant could not reasonably have prevented that use of force, you must return a verdict for the defendant then under consideration

### Liability by Conspiracy

The plaintiff may also prove a civil rights violation by establishing a conspiracy. A conspiracy is a combination of two or more persons acting in concert to commit an unlawful act the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another and an overt act that results in damages. In order to prove a conspiracy in the context of a civil rights claim under Section 1983, a plaintiff must show, by a preponderance of the evidence, that there was an agreement between two or more persons to deprive a person of his civil rights and an actual deprivation of a right secured by the Constitution. It is not necessary to show an express agreement to prove conspiracy. Circumstantial evidence is sufficient to prove a conspiracy.

With respect to the alleged federal civil rights violation, it is not necessary to find that the defendants had any specific intent to deprive Mr. Bates of his constitutional rights, or that they acted with malice or ill will in order to find for Mr. Bates. Mr. Bates is entitled to relief if the defendants intended the actions which resulted in a violation of his constitutional rights.

The **second** element Mr. Bates must prove in order to prevail on his civil rights claims is that the defendants were acting "under

-18-

color of state law" when they allegedly deprived him of his constitutional right to be free from the use of excessive force. A defendant was acting under color of state law if he was acting in his capacity as a police officer and not in some other capacity.

In this case, the parties have stipulated (in other words, there is no dispute) that Sgt. Kender and Lt. Mitchell were acting under color of state law as police officers of the Town of Harwich.

**STATE COMMON LAW CLAIM**

Now I will explain the elements of the plaintiff's state common law claim against the defendants.

**Intentional Infliction of Emotional Distress**

**[Read Question 4]**

The plaintiff claims that the defendants intentionally caused infliction of emotional distress during the incident on November 30, 2001. In order to recover on that claim, the plaintiff must prove by a preponderance of the evidence that:

1.  the defendant then under consideration intended to inflict emotional distress or that that defendant knew or should have known that emotional distress was likely to result from his conduct;

2.  the conduct of that defendant was extreme and outrageous, beyond all possible bounds of decency and was utterly intolerable in a civilized community;

3.  the conduct of the defendant then under consideration caused the plaintiff's emotional distress; and

4.  the emotional distress suffered was severe and of a nature that no reasonable person could be expected to endure it.

-19-

It is not necessary for the plaintiff to prove that physical injury resulted from the severe emotional distress.

Extreme and outrageous conduct is more than just workaday insults, hurt feelings from bad manners, annoyances or petty oppressions. "Outrageous" means a high order of ruthlessness or deliberate malevolence. What is extreme and outrageous is for you to consider, given all the facts. Conduct otherwise reasonable may give rise to liability when it is directed at a person known to the defendant to be particularly susceptible to emotional distress because of some physical or emotional vulnerability.

### Joint Tortfeasors

In this case there are two individual defendants and you must determine whether either or both of them are liable to the plaintiff for intentional infliction of emotional distress. You should determine whether the officers acted jointly with (and/or assisted) each other. Where two or more persons act together and cause a wrong to another, they incur a joint liability for the acts of each other. All those who actively participate in a wrongful act, by cooperation or request, or who lend aid or encouragement to the wrongdoer, or ratify and adopt his acts for their benefit, are equally liable to him. Express agreement is not necessary, and all that is required is that there should be a common design or understanding, even if it is a tacit one.

If you determine that no excessive force was used by the

-20-

defendant then under consideration on November 30, 2001, then you must also find that that defendant's conduct was not extreme and outrageous.  If that defendant's conduct was not extreme and outrageous, you must find for that defendant on the claim of intentional infliction of emotional distress.

### CAUSATION

### [Read Questions 2 and 5]

If you find that either or both defendants violated plaintiff's federal constitutional right to be free from the use of excessive force and/or intentionally inflicted emotional distress upon the plaintiff, you must then determine whether the actions of the defendant then under consideration were the proximate cause of the plaintiff's alleged injuries.  Proximate cause means that there must be a sufficient causal connection between the acts of the defendant then under consideration and any injury or loss to the plaintiff.  An injury or damage is proximately caused by an act if you find, from a preponderance of the evidence in the case, that the act was a substantial factor in bringing about or actually causing the damage and that the damage was either a direct result or a natural and probable consequence of the act.  In order to recover for an injury, the plaintiff must show, by a preponderance of the evidence, that the injury would not have occurred but for the conduct of the defendants.

There may, of course, be two or more causes of injury or other damage.  Many factors or the conduct of two or more persons may operate at the same time either individually or together to cause an injury and each may be a proximate cause.  Mr. Bates cannot recover, however, if his injuries were caused by a new or independent source of injury which intervenes between the acts or omissions of the defendant then under consideration and his injuries and which produced a result that was not reasonably foreseeable by that defendant.  For example, a defendant is not liable for damages which resulted from the plaintiff's own acts.

Another way of explaining the meaning of "proximate cause" is this: if the claimed injury or other damage would have occurred anyway, regardless of the defendant's act or failure to act, then it was not caused by the defendant's act or failure to act.  Thus, if you find that Mr. Bates would have suffered the same outcome regardless of whether the defendant then under consideration acted or failed to act, you must find that he has failed to show that his injuries were caused by the defendant then under consideration.  If, on the other hand, the injuries would not have occurred but for the defendant's conduct then plaintiff has satisfied the element of causation.

## DAMAGES

I now turn to the question of damages.  The mere fact that I instruct you on damages does not mean that you must find damages.

Also the mere fact that I instruct you on a particular kind of damages does not mean that you must find damages of that kind.  I am required to give you a complete set of instructions as to the law.  You are to award damages only if you find that the plaintiff has proved any of his claims by a preponderance of the evidence.

**[Read Question 3]**

If you find that the plaintiff is entitled to a verdict, you may award damages to reasonably compensate him for the actual injuries that you find, by a preponderance of the evidence, were caused by the defendants' actions.  These are known as "compensatory damages".  As with other elements of proof, the elements of damages must not be based on conjecture, surmise or speculation.

The object of damages allowed by law is to award the equivalent in money to the plaintiff for actual past, present and future harm or loss.  Compensatory damages can be awarded to compensate for physical and mental harm such as physical injury, disability, pain and suffering, fear and humiliation as well as any disability, mental anguish or pain and suffering plaintiff will suffer in the future.  You must not, however, award duplicative or overlapping amounts on the plaintiff's different claims.  You should not award damages more than once for the same injury.  For example, if Mr. Bates prevails on both the excessive force and intentional infliction claims, you cannot award damages

-23-

twice, i.e. he is entitled to be made whole again but not to recover more than his loss.  Any amount you award the plaintiff will be the maximum amount that he will ever be able to receive from the defendants, now or in the future.

Bear in mind that recovery will not be barred because there may be a lack of certainty in the plaintiff's proof of aspects of loss that, by their nature, are not susceptible to precise calculation.  However, you are not permitted to award speculative damages.  Any award of damages must be based on the evidence and on a finding by you that the plaintiff has convinced you, by a preponderance of the evidence, that he has been injured as he claims to have been injured.  Damages must be ascertainable by reference to some definite standard, either of market value, established experience or direct inference from known circumstances.  A mathematical certainty in measuring damages is not a prerequisite for recovery.  The determination of damages is left to your judgment and estimation as the triers of fact.

If you return a verdict for the plaintiff, but find that he has failed to prove that he has suffered any actual or compensatory damages, then you may return an award of nominal damages, meaning a trivial sum not to exceed One Dollar.  Nominal damages may be awarded when a plaintiff has been deprived by a defendant of a constitutional right, but has proved no real damage as a result of the constitutional deprivation.

If you award damages, you are not to include any amount for

interest although you may decide whether to award any interest on plaintiff's federal civil rights claim.  If you decide that interest should be awarded, the calculation of that interest is not for the jury but for the Court.  In addition, you are not to take into account any kind of taxes.

### Civil Rights Violation - Interest

### [Read Question 3a]

If you decide with regard to the federal civil rights claim that compensatory damages should be awarded to the plaintiff, you must decide whether to award interest.  Whether you do award interest, which would be interest from the time this lawsuit began in 2005 to the present, should depend upon whether you conclude that interest is necessary to compensate the plaintiff for any injury suffered, bearing in mind that the plaintiff has not had the use of the damages you award during the time this litigation has been pending.

### Civil Rights Violation - Punitive Damages

### [Read Question 3b]

If you award the plaintiff compensatory or nominal damages for violations of his federal constitutional rights, then you may also make a separate and additional award of punitive damages against the violating officer or officers.  Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others from committing such conduct in the future.  Punitive

-25-

damages are an extraordinary remedy to be awarded in exceptionally serious and deserving cases.

Punitive damages may be assessed when the conduct of the defendant then under consideration is shown to be motivated by evil motive or intent, or when the defendant's conduct involves reckless or callous indifference to the plaintiff's federally protected rights. Additionally, punitive damages may be awarded if you find that the acts or omissions of the defendant then under consideration were done with malicious or wanton disregard for the plaintiff's civil rights. An act or failure to act is maliciously done if prompted or accompanied by ill will, spite or grudge toward the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.

If you find, by a preponderance of the evidence, that either Sgt. Kender or Lt. Mitchell caused injury to the plaintiff through malicious or wanton act or omission, then you may award punitive damages against the offending officer or officers. In making that decision, you should consider the underlying purpose of punitive damages, which is to punish or deter outrageous conduct. You should consider, therefore, whether either of the defendants would be adequately punished by an award of actual damages, or whether their conduct was so extreme and outrageous as to call for additional punishment. The amount of punitive damages, when awarded, must be fixed with calm discretion and

-26-

sound reason, and must never be awarded because of any sympathy, bias or prejudice with respect to any party to the case.

Keep in mind that punitive damages may be awarded only if you first award the plaintiff a verdict for compensatory or nominal damages against the defendant then under consideration.

### PART III

### Procedures During Deliberations

When you go to the jury room to begin considering the evidence in this case, the foreman, William Feeney, will assure that every juror is present during all of your deliberations and that all jurors, the foreman included, will have equal and full opportunity to participate in the deliberations.  Once you are in the jury room, if you need to communicate with me, the foreman will send a written message to me.  If you do send a written message to me, I will discuss it with the lawyers for both sides before responding to you, so please continue your deliberations to the extent you are able during the time it takes for me to respond to your question. Do not stop your deliberations while you wait for a response.  And do not tell me how you stand, either numerically or otherwise, on any issue before you, until after you have reached a verdict.

On matters touching simply on the arrangements for your meals, schedule and convenience, you are free to communicate with the marshal orally rather than in writing.  You are not to communicate with anyone other than me about the case, however, and then only in writing.

I have read to you what is called a verdict form.  A verdict form is simply the written notice of the decision that you reach. You will have the original and copies of this form in the jury room and, when you have reached your verdict, you will have your foreman fill in, date, and sign the original to state the verdict upon which you agree.  You will then report, in writing to the marshal,

-28-

that you have reached a verdict after which you will be invited to return with your verdict to the courtroom.  Your verdict must be unanimous.  That is, you must be unanimous as to the answer to each of the questions you answer.

It is my practice, absent special circumstances, to allow a jury to recess before dinner and begin deliberations again in the morning of the next regular court day.

It is not yet time for you to start deliberating.  I will have a sidebar conference with counsel and you can be at ease for a few minutes.  I will then have some brief final instructions to give you before you retire to deliberate.

**[SIDEBAR]**

Members of the jury, it is now time for the case to be submitted to you.  You may commence your deliberations.  All of you who are the jury must be together at all times when you are deliberating.  Whenever you need a recess for any purpose, your foreman, William Feeney, may declare a recess.  Do not discuss the case during a recess in your deliberations.  All your discussion of the case should occur only when you are all together and your foreman has indicated that deliberations may proceed.  This should be your procedure so that everyone in the jury will have equal opportunity to participate and to hear all of what other members of the jury have to say.   You may go to the jury room and may commence your deliberations.